# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE | SECTION I |

## ORDER & REASONS

Before the Court is defendant Lilbear George's ("George") motion[1] to strike the non-statutory aggravating factor "lack of remorse" from the government's notice of intent to seek the death penalty. For the following reasons, the motion is denied.

### I.

The allegations in the superseding indictment are familiar to the Court and were summarized in a previous order.[2] Under the Federal Death Penalty Act (the "FDPA"), 18 U.S.C. §§ 3591–3598, "conviction of an offense punishable by death is followed by a separate sentencing hearing which involves both an eligibility and selection phase." *United States v. Ebron*, 683 F.3d 105, 149 (5th Cir. 2012). To render a defendant eligible for the death penalty, the government must prove beyond a reasonable doubt one of four mental states, also known as statutory intent factors, provided in § 3591(a)(2) and at least one of sixteen statutory aggravating factors provided in § 3592(c). *United States v. Bourgeois*, 423 F.3d 501, 506–07 (5th Cir. 2005).

---

[1] R. Doc. No. 179.
[2] *See* R. Doc. No. 195, at 1–2.

Once the defendant becomes eligible for the death penalty, the selection phase begins, during which the government may attempt to prove the existence of additional factors in support of its position that the death penalty should be imposed. *See* § 3593(c). Along with the aggravating factors explicitly set forth in the FDPA, the statute provides that "[t]he jury . . . may consider whether any other aggravating factor for which notice has been given exists." *Id.* These "other" factors are referred to as non-statutory aggravating factors. During the selection phase, the defendant may attempt to prove the existence of mitigating factors to dissuade the sentencing jury from recommending a death sentence. *Id.* The jury then weighs the proven aggravating factors against any proven mitigating factors to determine if a death sentence is appropriate. § 3593(e).

On August 31, 2018, the government filed its notice of intent to seek the death penalty as to George.[3] The notice of intent states that the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[4] The notice of intent also sets forth the aggravating factors that the government intends to prove at the sentencing hearing to justify a death sentence. One of the non-statutory aggravating factors is titled "Lack of Remorse." It provides:

> [George] has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by his statements and actions during the course of and following the offenses alleged in the

---

[3] *See generally* R. Doc. No. 147.
[4] *Id.* at 1.

Superseding Indictment, including by [sic] not limited to one or more of the following:

    a.    [George] stated that if arrested for the offense alleged in Count 3, he would tell police that he stole the vehicle but gave it to someone else;

    b.    [George] stated that he should have killed someone and then planted his gun on the deceased to divert attention away from himself[.][5]

George now moves to strike the "lack of remorse" factor and prohibit the government from introducing evidence in support thereof.[6]

## II.

The United States Supreme Court has held that "the [sentencing jury's] weighing process may be impermissibly skewed if the sentencing jury considers an invalid factor." *See Jones v. United States*, 527 U.S. 373, 398 (1999) (citing *Stringer v. Black*, 503 U.S. 222, 232 (1992)). Several constitutional restrictions guide consideration of whether an aggravating factor is valid.

> As the Eighth Amendment prohibits the arbitrary imposition of the death penalty, an aggravating factor must meet two distinct thresholds to pass constitutional muster. First, the factor must not be so broad that it could apply to every murderer potentially eligible for the death penalty. This is because an overbroad aggravator could invite arbitrariness into the capital sentencing decision, in violation of the Eighth Amendment. Consequently, the factor "must perform a narrowing function with respect to the class of persons eligible for the death penalty and must also ensure that capital sentencing decisions rest upon an individualized inquiry."
>
> Second, an aggravating factor must have "some 'common-sense core of meaning . . . that criminal juries should be capable of understanding.'" Simply put, an aggravating factor cannot be unconstitutionally vague.

---

[5] *Id.* at 3.
[6] R. Doc. No. 179-1, at 11.

3

*United States v. Bourgeois*, 423 F.3d 501, 510 (5th Cir. 2005) (citations omitted).

United States district courts have also held that aggravating factors should be relevant to the sentencing decision and subject to heightened standards of reliability. *See, e.g., United States v. Johnson*, 915 F. Supp. 2d 958, 1008–10 (N.D. Iowa 2013), *vacated in part*, 764 F.3d 937 (8th Cir. 2014); *United States v. Concepcion Sablan*, 555 F. Supp. 2d 1205, 1214–15 (D. Colo. 2007); *United States v. Friend*, 92 F. Supp. 2d 534, 541–42 (E.D. Va. 2000).[7] George argues that "[t]he idea that a jury should be permitted to decide that one defendant is more deserving of the death sentence than another based upon such a subjective consideration is constitutionally and statutorily

---

[7] In addition to the requirements discussed herein, George cites the Tenth Circuit's opinion in *United States v. McCullah*, 76 F.3d 1087 (10th Cir. 1996), to support his assertion that "an aggravating factor may not be put before the jury if it is impermissibly duplicative of another factor." R. Doc. No. 179-1, at 5. Relying on *McCullah*, the Fifth Circuit held in *United States v. Jones*, 132 F.3d 232 (5th Cir. 1998), that the non-statutory aggravating factors "personal characteristics" and "young age, slight stature, background, and unfamiliarity" constituted impermissible "double-counting." *Jones*, 132 F.3d at 250–51. The Fifth Circuit explained that, "if the jury has been asked to weigh the same aggravating factor twice, the appellate court cannot assume that 'it would have made no difference if the thumb had been removed from death's side of the scale.'" *Id.* (quoting *Stringer v. Black*, 503 U.S. 222, 232 (1992)). As a result, it held that "the district court erred by submitting the duplicative aggravating factor to the jury."

On appeal in *Jones*, the Supreme Court clarified *Stringer*. *See Jones v. United States*, 527 U.S. 373, 398 (1999). After summarizing the Fifth Circuit's reasoning, the Supreme Court explained, "We have never before held that aggravating factors could be duplicative so as to render them constitutionally invalid, nor have we passed on the 'double counting' theory . . . ." *Id.* "What we have said is that the weighing process may be impermissibly skewed if the sentencing jury considers an invalid factor." *Id.* (citing *Stringer*, 503 U.S. at 232). The Supreme Court noted that the Fifth Circuit's reasoning "would have [it] reach a quite different proposition—that if two aggravating factors are 'duplicative,' then the weighing process necessarily is skewed, and the factors are therefore invalid." *Id.*

4

intolerable."[8] George also argues that allowing the government to submit evidence to the sentencing jury about his alleged "lack of remorse" violates his Fifth Amendment right to remain silent and rest on his presumption of innocence.[9]

As both parties agree, the "lack of remorse" factor is not *per se* unconstitutional.[10] *See Zant v. Stephens*, 462 U.S. 862, 886 n.22 (1983) ("Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation . . . .") (citation omitted); *see also United States v. Mikos*, 539 F.3d 706, 718 (7th Cir. 2008) (noting that the Supreme Court "has approved this factor").

The government's use of a defendant's silence to prove a lack of remorse may implicate Fifth Amendment considerations. *See, e.g., United States v. Hager*, 721 F.3d 167, 204 (4th Cir. 2013). In this case, however, the government does not intend to prove the factor at issue with evidence that George was silent.

The government intends to submit evidence to the jury of George's affirmative words and conduct—namely to prove that (1) he stated that, if he was arrested for the offense alleged in count three of the superseding indictment, he would tell the police that he stole the getaway vehicle but gave it to someone else and (2) he stated that he should have killed someone and planted the gun on them to personally avoid scrutiny.[11] As the government points out in its opposition to the present motion,

---

[8] R. Doc. No. 179-1, at 11.
[9] *Id.*
[10] *See id.* at 6; R. Doc. No. 220, at 1.
[11] R. Doc. No. 147, at 3.

5

George's "willingness to commit another murder and blame others to cover his own tracks is hardly the epitome of remorse." The jury is permitted to consider such information. *See United States v. Caro*, 597 F.3d 608, 630 (4th Cir. 2010) ("Caro's affirmative conduct displaying lack of remorse," such as yelling "Come get this piece of shit out of here" after the alleged killing, "was significant and telling.").

George relies heavily on *United States v. Davis*, decided by another section of this Court. *United States v. Davis*, 912 F. Supp. 938, 946 (E.D. La. 1996) (Berrigan, J.). In *Davis*, the court declined to consider "whether lack of remorse is *per se* an inappropriate independent factor to consider," but it cautioned that "the allegation of lack of remorse encroaches dangerously on an offender's constitutional right to put the government to its proof." *Id.* Since *Davis* was decided, however, numerous courts have permitted the government to introduce evidence demonstrating a defendant's lack of remorse during sentencing. *See, e.g.*, *United States v. Montgomery*, 10 F. Supp. 3d 801, 845–56 (W.D. Tenn. 2014); *United States v. Stone*, No. 12-72, 2013 WL 6799119, at *6 (E.D. Cal. Dec. 20, 2013); *United States v. Umana*, 707 F. Supp. 2d 621, 636–37 (W.D.N.C. 2010); *United States v. Rivera*, 405 F. Supp. 2d 662, 672–73 (E.D. Va. 2005); *United States v. Nguyen*, 928 F. Supp. 1525, 1541–42 (D. Kan. 1996); *see also United States v. Ortiz*, 315 F.3d 873, 901–02 (8th Cir. 2002) (holding that "[t]he government . . . produced enough evidence to establish the defendants' lack of remorse," which was used to prove the aggravating factor of "future

6

dangerousness").[12] The Court finds nothing constitutionally infirm about the "lack of remorse" factor as set forth in the government's notice of intent.[13]

---

[12] Almost a decade later, another section of this Court discussed *Davis* in the context of a challenge to a "lack of remorse" aggravating factor. *See United States v. Davis*, No. 01-282, 2003 WL 1873088, at *9 (E.D. La. Apr. 10, 2003) (Vance, J.) (hereinafter *Johnny Davis*). In *Johnny Davis*, the court noted that "[t]here is no per se constitutional problem with a 'lack of remorse' factor" and that "the government [did] not intend to rely on mere silence as proof of lack of remorse." *Id.* The court thus distinguished *Davis* and declined to strike the "lack of remorse" factor from the government's notice of intent. *Id.* George's case is more similar to *Johnny Davis* than *Davis*. George has not argued that the disputed factor is vague or overbroad. Furthermore, as explained herein, the government does not intend to offer evidence of George's silence or his refusal to acknowledge responsibility for his conduct but, rather, affirmative statements that demonstrate his alleged lack of remorse.

[13] In denying the defendant's motion to strike the government's notice of intent, the *Johnny Davis* court noted that the court's decision not to strike the "lack of remorse" factor was "subject to the government's satisfying the requirements of reliability and relevance as to the specific evidence it proffers." *Johnny Davis*, 2003 WL 1873088, at *9. The specific evidence that the government will use to attempt to prove the existence of George's alleged lack of remorse is not yet known to the Court, nor has it been challenged.

The Court notes that the federal rules of evidence, generally, do not apply at FDPA sentencing hearings, but "information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c); *United States v. Jones*, 132 F.3d 232, 242 (5th Cir. 1998) ("The Federal Death Penalty Act provides for a relaxed evidentiary standard during the sentencing hearing in order to give the jury an opportunity to hear all relevant and reliable information . . . .").

### III.

Accordingly,

**IT IS ORDERED** that the motion to strike the non-statutory aggravating factor "lack of remorse" is **DENIED.**

New Orleans, Louisiana, January 22, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**