# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                     No. 17-201

LILBEAR GEORGE                                          SECTION I

## ORDER & REASONS

Before the Court is defendant Lilbear George's ("George") motion[1] to dismiss

count three of the second superseding indictment.[2] For the following reasons, the

motion is denied.

### I.

The allegations in the superseding indictment are familiar to the Court.

Relevant here, count three alleges that the defendants,

> aiding and abetting each other, did knowingly use, carry, brandish, and
> discharge firearms during and in relation to crimes of violence for which
> they may be prosecuted in a court of the United States, that is, violations
> of Title 18, United States Code, Sections 1951(a) and 2, as set forth in
> Count 2 of this Second Superseding Indictment, in violation of Title 18,
> United States Code, Sections 924(c)(1)(A) and 2, and in the course
> thereof caused the death of Hector Trochez through the use of firearms,
> and the killing is murder as defined in Title 18, United States Code,
> Section 1111, in that the murder was committed in perpetration of a

---

[1] R. Doc. No. 180.

[2] The motion requests that the Court dismiss count three of the first superseding
indictment. After the motion was filed, however, the government superseded the first
superseding indictment. Because one of the contested portions of count three remains
the same, the Court will apply the motion to dismiss to the second superseding
indictment.

robbery affecting commerce; all in violation of Title 18, United States Code, Sections 924(c), 924(j)(1), and 2.[3]

In relevant part, § 924(c) sets forth the penalties for using or carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1). The crime of violence alleged and referenced in count three is Hobbs Act robbery, which is charged in count two.[4] Section 924(j)(1) provides that if, during the course of violating § 924(c), a defendant causes the death of a person through the use of a firearm, and the killing is murder as defined by § 1111, the defendant may be punished by death.[5]

For the purposes of § 924, a "crime of violence" is defined two ways. The first definition, commonly referred to as the "elements clause," provides that a "crime of violence" is any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The second definition, the "residual clause," covers any felony offense "that by its nature, involves a substantial risk that physical force against the person

---

[3] R. Doc. No. 237, at 3. Because defendant Jasmine Theophile is only charged in count four of the second superseding indictment, which is not at issue in this order, the Court's reference herein to "the defendants" is to defendants Curtis Johnson, Jr., Jeremy Esteves, Chukwudi Ofomata, Robert Brumfield, III, and George.

Additionally, although the second superseding indictment charges the defendants with using, carrying, brandishing, and discharging firearms during and in relation to "*crimes* of violence," R. Doc. No. 237, at 3, this appears to be a typographical error: only one crime—Hobbs Act robbery—serves as the predicate offense for the § 924(c) charge.

[4] *See* R. Doc. No. 237, at 2–3.

[5] 18 U.S.C. § 1111 defines "murder" as "the unlawful killing of a human being with malice aforethought."

or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

On August 31, 2018, the government filed its notice of intent to seek the death penalty as to George.[6] The notice of intent states that the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[7] George now moves to dismiss count three based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[8]

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984 (the "ACCA") unconstitutional. *Id.* at 2557. In pertinent part, the ACCA imposes an increased term of imprisonment on a defendant with three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). Like the term "crime of violence," "violent felony" was defined two ways. Relevant here, the residual clause defined a "violent felony" as any felony offense that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). The Supreme Court held that, because of the "indeterminacy of the wide-ranging inquiry required by the residual clause" under the categorical approach, it unconstitutionally "denies

---

[6] *See generally* R. Doc. No. 147.
[7] *Id.* at 1.
[8] R. Doc. No. 180-1, at 1, 11–12.

fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.[9]

George argues that the charge against him that serves as the predicate "crime of violence" for the § 924 charge set forth in count three can only meet the "crime of violence" definition under § 924(c)(3)'s residual clause, which the Fifth Circuit recently declared unconstitutional in light of *Johnson*. *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, 2019 WL 98544 (Jan. 4, 2019). George requests that this Court apply *Johnson* to § 924(c)(3)'s residual clause and hold the residual clause unconstitutional—which is precisely what the Fifth Circuit did in *Davis*.[10]

---

[9] Courts use the categorial approach, required by *Taylor v. United States*, 495 U.S. 575, 600 (1990), to determine whether an offense fits within a definition such as "violent felony." In *Johnson*, the Supreme Court explained that "[d]eciding whether the residual clause covers a crime" under the categorical approach "requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted).

Three years later, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018), the Supreme Court held the residual clause of the "crime of violence" definition set forth in 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act, unconstitutional. Relying on *Johnson*, the Supreme Court concluded that the residual clause of § 16, which defined an "aggravated felony" as any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," created too much unpredictability and arbitrariness to pass muster under the Constitution's Due Process Clause. *Id.* at 1212, 1216. The "crime of violence" definition set forth in § 16 is identical to the "crime of violence" definition set forth in § 924(c).

[10] *See* R. Doc. No. 180-1, at 5.

George acknowledges *Davis*, but he also contends that the issue is "ripe for clarification by the Supreme Court given the current circuit split."[11] Apparently the Supreme Court agrees: on January 4, 2019, it granted the *Davis* respondents' petition for a writ of *certiorari*. *United States v. Davis*, 2019 WL 98544 (Jan. 4. 2019). Until the Supreme Court holds otherwise, this Court is bound by the Fifth Circuit's opinion in *Davis*, which declared § 924(c)(3)'s residual clause unconstitutional. There is no need for the Court to do the same.

In part, count three charges the defendants with knowingly using, carrying, brandishing, and discharging firearms during and in relation to a crime of violence. As stated, the predicate crime of violence is the charge set forth in count two—Hobbs Act robbery.[12] The Hobbs Act, 18 U.S.C. § 1951(a), provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The term "robbery" is defined as:

---

[11] *Id.* at 8.

[12] R. Doc. No. 237, at 2–3. The first superseding indictment relied on two predicate offenses for the § 924 charge: Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. Conspiracy to commit Hobbs Act robbery does not satisfy the requirements of the elements clause, and the residual clause is unconstitutional. As a result, the conspiracy charge cannot serve as a predicate offense for the § 924(c) charge.

On February 7, 2019, the government superseded the first superseding indictment to delete the conspiracy offense as a predicate for the § 924 charge. R. Doc. No. 237. During a telephone conference held to discuss the present motion, George's counsel agreed that the deletion moots his arguments with respect to the predicate conspiracy charge. R. Doc. No. 226, at 3. The Court will, therefore, not address George's arguments as to the conspiracy charge.

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The Fifth Circuit has expressly held that Hobbs Act robbery is a "crime of violence" that falls within the ambit of § 924(c)(3)'s elements clause. *Davis*, 903 F.3d at 484. Indeed, the Fifth Circuit has declined to consider George's exact argument in light of its previous holdings:

> The first question is whether *Dimaya* affects Defendants' convictions on Count Seven for illegally using or carrying a firearm in relation to a crime of violence, that is, Hobbs Act robbery. *See* 18 U.S.C. § 924(c). The conviction depends on whether Hobbs Act robbery is a "crime of violence[.]" . . . Defendants urge us to extend *Dimaya* to reconsider our precedent on this question. In *United States v. Buck*, we held that "[i]t was not error—plain or otherwise—" to classify Hobbs Act robbery as a crime of violence under the § 924(c) elements clause, citing cases in the Second, Third, Eighth, Ninth, and Eleventh Circuits. 847 F.3d 267, 274–75 (5th Cir.), *cert. denied*, . . . 138 S. Ct. 149 . . . (2017). Nonetheless, Defendants argue that Hobbs Act robbery can be committed without the use, attempted use, or threatened use of physical force, because "fear of injury" is included in the definition of robbery. . . .
>
> We decline to extend *Dimaya*'s holding that far. . . . *Dimaya* only addressed, and invalidated, a residual clause mirroring the residual clause in § 924(c); it did not address the elements clause. Whatever arguments may be made opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of *Buck*.

*Id.*; *see also United States v. Bowens*, 907 F.3d 347, 353–54 (5th Cir. 2018) ("We have reiterated *Buck* in at least five cases. Accordingly, we reject [the defendant's] contention that Hobbs Act robbery fails to qualify as a [crime of violence] predicate.").

**IV.**

Accordingly,

**IT IS ORDERED** that the motion to dismiss count three of the second superseding indictment is **DENIED.**

New Orleans, Louisiana, February 11, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**