# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE | SECTION I |

## ORDER & REASONS

Before the Court is defendant Lilbear George's ("George") motion[1] to strike the government's notice of special findings and notice of intent to seek the death penalty. The motion is substantively identical to the motion[2] previously filed by defendant Curtis Johnson, Jr. ("Johnson") on the same issues, which this Court denied.[3] Accordingly, the Court denies George's motion for the same reasons expressed in its order[4] denying Johnson's motion.[5]

---

[1] R. Doc. No. 843.
[2] R. Doc. No. 165; *see* R. Doc. No. 843, at 1 n.1 (noting that the motion is substantively identical to the motion filed by Johnson, R. Doc. No. 165).
[3] *See* R. Doc. No. 195.
[4] *Id*.
[5] The government filed a second superseding indictment on February 7, 2019, after the Court denied Johnson's motion. *See* R. Doc. No. 237. George refers to the second superseding indictment in his motion, but cites to the superseding indictment, R. Doc. No. 23. *See, e.g.*, R. Doc. No. 843-1, at 2. Johnson made the same error in his motion. *See* R. Doc. No. 195, at 1 n.2. The special findings as to Johnson and George are identical, and no changes were made in the special findings with respect to either defendant in the second superseding indictment. *See* R. Doc. No. 237, at 7–8; R. Doc. No. 23, at 7–9. Accordingly, the analysis and conclusion in the order and reasons denying Johnson's motion applies with equal force to George's request to strike the notice of special findings.

Although the second amended notice of intent[6] with respect to George includes three nonstatutory aggravating factors that are not present in Johnson's notice of intent,[7] these additional factors do not change the Court's analysis or conclusion. As Johnson argued in his motion, George asserts that the allegations in the notice of intent are "simply boilerplate conclusions" that violate his right to due process.[8] Without additional information indicating how he qualifies for the factors set forth in the notice of intent, George argues that he cannot prepare a defense against them.[9] He requests that the Court strike the notice of intent or, alternatively, order the government to amend it and provide more specific allegations.[10]

---

[6] George cites the original notice of intent in his motion, R. Doc. No. 147, rather than the second amended notice, R. Doc. No. 409. *See, e.g.*, R. Doc. No. 843-1, at 3, 8. The government filed its notice of intent to seek the death penalty with respect to George on August 31, 2018. R. Doc. No. 147. The government amended its notice on June 19, 2019, and again on July 1, 2019. R. Doc. Nos. 393, 409. The Court has reviewed both the original and second amended notices, and it finds that no changes were made in the second amended notice that would affect George's arguments in the instant motion.

[7] *Compare* R. Doc. No. 409, at 3, *with* R. Doc. No. 148, at 2–3. These nonstatutory aggravating factors are lack of remorse, evidenced by George's statements that if arrested for the offense alleged in Count 3, he would tell police that he stole the vehicle but gave it to someone else, and his statement that he should have killed someone and then planted his gun on the deceased to divert attention away from himself; participation in an armed robbery of an Intertrust armored car at the Capital One Bank, 1100 S. Carrollton Avenue, New Orleans, Louisiana, on December 13, 2007; and possession of a firearm in furtherance of drug trafficking, specifically, a conspiracy to possess with the intent to distribute heroin that took place in New Orleans, Louisiana on February 8, 2016. R. Doc. No. 409, at 3.

[8] R. Doc. No. 843-1, at 8–9.

[9] *Id.* at 8.

[10] *Id.* at 10.

George does not dispute that the notice of intent meets the Federal Death Penalty Act's ("FDPA") notice requirements.[11] *See* 18 U.S.C. § 3593(a). George does argue, however, that the notice of intent fails to meet the relevant constitutional requirements.[12] Courts are conflicted as to what due process exactly entails in this context.[13] As more fully explained in this Court's order and reasons denying Johnson's motion, the U.S. Court of Appeals for the Fourth, Eighth, and Eleventh Circuits, as well as numerous district courts, have concluded that the FDPA and Constitution only require that defendants receive adequate notice of the aggravating factors—not notice of the specific evidence that the government intends to use to support such factors.[14]

Indeed, "[i]t has always been the [United States Supreme] Court's view that the notice component of due process refers to the charge rather than the evidentiary support for the charge." *United States v. Agur*, 427 U.S. 97, 112 n.20 (1976). Although *Agur* analyzed the constitutional contours of notice in the context of mandatory discovery disclosures, the principle applies here with equal force. The notice of intent provides George with notice of those statutory intent and aggravating factors it intends to prove at the sentencing hearing in connection with its death penalty request. With respect to the three nonstatutory aggravating factors unique to George's notice of intent, the government provides specific information as to where

---

[11] *See* R. Doc. No. 195, at 17–18.
[12] R. Doc. No. 843-1, at 8–9.
[13] *See* R. Doc. No. 195, at 18–20.
[14] *See id.* at 18–19.

and when the alleged criminal conduct—armed robbery and drug trafficking with a firearm—occurred, as well as the alleged statements that support a finding that George lacks remorse.[15]

George cites no case in which a court has stricken a notice of intent as constitutionally inadequate because it lacked specific factual allegations, and the Court declines to do so here. Similarly, because the Court concludes that the notice of intent passes constitutional muster, it also declines to order the government to provide George with the information he requests.

Accordingly,

**IT IS ORDERED** that George's motion to strike the government's notice of special findings and notice of intent to seek the death penalty is **DENIED.**

**IT IS FURTHER ORDERED** that George's request for alternative relief is **DENIED**.

New Orleans, Louisiana, April 9, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 409, at 3.

4