UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE, CHUKWUDI OFOMATA, & CURTIS JOHNSON, JR. | SECTION I |

### FIFTH AMENDED SCHEDULING ORDER

Before the Court is the joint motion[1] to enter the proposed Fifth Amended Scheduling Order submitted by the government and defendants Lilbear George, Chukwudi Ofomata, and Curtis Johnson, Jr. (collectively, the "defendants").

The motion is granted as amended by the Court.[2] The Court hereby sets the following guidelines and deadlines:

### DISCOVERY

Although the discovery deadlines have passed, the government and the defendants recognize that the parties will continue to investigate this matter, and all parties agree to turn over any additional discovery materials in a timely fashion, reserving their right to file motions to compel if appropriate.

### BRADY MATERIAL

The government is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland*, 373 U.S. 83 (1963), and

---

[1] R. Doc. No. 949.
[2] The Court has resolved any disputes between the government and the defendants relative to the Fifth Amended Scheduling Order as set forth herein.

1

its progeny, and will discharge this obligation. Materials discoverable under *Brady*, to the extent they exist, will be provided immediately.

## JENCKS ACT AND *GIGLIO* MATERIALS

Materials to which the defendants and the government are entitled under the Jencks Act (18 U.S.C. § 3500) and *Giglio v. United States*, 405 U.S. 150 (1972) will be provided no later than two weeks in advance of trial in an effort to avoid any delay in trial. However, Jencks and *Giglio* materials that involve witness security issues shall be provided no later than the Wednesday before trial at 9:00 A.M.[3]

## MOTIONS *IN LIMINE* AND PRE-TRIAL EVIDENTIARY MOTIONS

Motions *in limine* related to evidentiary issues and additional pre-trial evidentiary motions shall be filed no later than July 13, 2020. Oppositions shall be due by July 27, 2020. If any party receives evidence from another party after July 13, 2020 that would require a motion *in limine*, that party shall contact the Court to schedule a conference to discuss the same.

## STIPULATIONS

To facilitate judicial economy, where authenticity and technical predicates are not at issue, the government shall submit proposed stipulations relating to the authenticity of its evidence no later than December 21, 2020. The stipulations shall encompass the authenticity of recorded audio/video tapes and business/public records. The defendants shall review the proposed stipulations and submit proposed

---

[3] The defendants have advised the Court that they intend to file a motion for earlier Jencks production by July 13, 2020. R. Doc. No. 949-1, at 2. Upon the filing of such motion, the government's opposition shall be due by July 27, 2020.

2

changes no later than January 5, 2021, with agreement on the final stipulations to be completed no later than January 11, 2021. The government shall likewise act accordingly with any stipulations proposed by the defendants.

## WITNESS AND EXHIBIT LISTS – GUILT PHASE

The government shall submit its proposed guilt phase witness and exhibit lists to the defendants no later than November 27, 2020. The defendants shall submit their proposed guilt phase witness and exhibit lists to the government no later than December 4, 2020. Objections to proposed guilt phase exhibits shall be submitted no later than December 11, 2020, with responses to the objections due no later than December 18, 2020.

## WITNESS AND EXHIBIT LISTS – PENALTY PHASE

The government shall submit its proposed penalty phase witness and exhibit lists to the defendants no later than December 28, 2020. The defendants shall submit their proposed penalty phase witness and exhibit lists to the government no later than January 4, 2021. Objections to proposed penalty phase exhibits shall be submitted no later than January 11, 2021, with responses to the objections due no later than January 18, 2021.

## RULE 1006 EXHIBITS

Any summary or chart that the government or the defendants intend to introduce as an exhibit pursuant to Federal Rule of Evidence 1006, along with supporting materials, shall be exchanged no later than December 28, 2020.

## PROPOSED JURY SELECTION PROCEDURES

The defendants shall submit their proposed jury selection procedures no later than September 14, 2020. Any response by the government shall be filed no later than September 28, 2020, and any replies shall be filed no later than October 5, 2020.

## JURY QUESTIONNAIRE

The government and the defendants shall submit a joint proposed jury questionnaire no later than October 12, 2020. The Court may permit additional questions to be supplemented to the proposed jury questionnaire at a later date for good cause. Any objections and responses to the proposed jury questionnaire shall be outlined and included with the joint proposed jury questionnaire. The Court will hold a status conference to discuss the proposed jury questionnaire on October 19, 2020 at 7:30 A.M.

## PROPOSED JURY INSTRUCTIONS

The government and the defendants shall submit proposed jury instructions for the guilt phase and any penalty phase of the proceedings no later than August 17, 2020. Any objections are due by September 7, 2020, and any replies are due by September 14, 2020.

## GUILT PHASE EXPERTS

The government and the defendants shall disclose their guilt phase experts' identities, CVs, and summaries, as required by Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), no later than October 19, 2020. If the government discloses evidence to the defendants after the October 19, 2020 deadline, the

defendants may designate, within ten working days of the disclosure, experts to address issues related to such evidence.

Any challenge to the testimony of guilt phase experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or on any other basis, must be filed by November 9, 2020, with responses due by November 16, 2020. Any replies must be filed by November 23, 2020.

## DISCLOSURE OF NON-MENTAL HEALTH EXPERTS AND NOTICE OF MITIGATING FACTORS AT THE PENALTY PHASE

The parties dispute whether the defendants are required to (1) disclose the identities of their penalty phase, non-mental health experts and (2) provide notice of the mitigating factors they intend to prove at the sentencing hearing. Accordingly, the government shall file motions requesting such disclosure, and outlining the legal basis for its entitlement to the same, no later than November 9, 2020, with responses due no later than November 16, 2020.

## RULE 12.2 PROCEDURES – MENTAL HEALTH

The deadline for any defendant's notice of intent to offer penalty phase mental health evidence required under Federal Rule of Criminal Procedure 12.2(b)(2) is September 11, 2020. The deadline for the defendants to provide notice of their intent to present an insanity defense under Rule 12.2(a), or notice to present expert testimony relating to a mental disease or defect or any other mental condition bearing on the issue of guilt under Rule 12.2(b)(1), is also September 11, 2020.

Accordingly,

**IT IS ORDERED** that the joint motion to enter the proposed Fifth Amended Scheduling Order is **GRANTED** as amended by the Court.

New Orleans, Louisiana, May 12, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**