UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-201 |
| LILBEAR GEORGE, CHUKWUDI OFOMATA, & CURTIS JOHNSON, JR. | SECTION I |

## ORDER & REASONS

Before the Court is a joint motion[1] by defendants Lilbear George ("George"), Chukwudi Ofomata ("Ofomata"), and Curtis Johnson, Jr. ("Johnson") (collectively, "capital defendants") to review the May 13, 2019 order[2] by the United States Magistrate Judge. The capital defendants ask the Court to reverse the Magistrate Judge's denials of their motions for bills of particulars. For the following reasons, the motion is denied.

### I.

The capital defendants and codefendants Jeremy Esteves ("Esteves"), Robert Brumfield, III ("Brumfield"), and Jasmine Theophile ("Theophile") are charged in a second superseding indictment with offenses arising from the robbery of a Loomis armored truck and the senseless killing of Hector Trochez ("Trochez") outside a Chase bank that occurred on December 18, 2013.[3]

---

[1] R. Doc. No. 951.
[2] R. Doc. No. 330.
[3] R. Doc. No. 237.

1

Count one charges the capital defendants, as well as Esteves and Brumfield, with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); count two charges the capital defendants, as well as Esteves and Brumfield, with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and count four charges George and Theophile with corruptly altering, destroying, mutilating, and concealing a cellular telephone and the information contained thereon, with the intent to impair its integrity or availability for use in a federal grand jury proceeding, in violation of 18 U.S.C. §§ 1512(c)(1) and 2.[4]

Count three charges death-eligible offenses, alleging that the capital defendants, as well as Esteves and Brumfield, aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence as set forth in count two, and in the course thereof caused the murder of Trochez through the use of firearms in perpetration of a robbery affecting commerce, in violation of 18 U.S.C. §§ 924(c), 924(j), and 2.[5] The second superseding indictment includes a notice of special findings as to count three with respect to the capital defendants.[6]

On August 31, 2018, pursuant to the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq.*, the government filed notices of intent to seek the death penalty against George, Johnson, and Ofomata based on the circumstances of the offenses charged in

---

[4] *Id.* at 1–4.
[5] *Id.* at 3.
[6] *Id.* at 7–9.

count three of the second superseding indictment.[7] The government did not file notices of intent against Esteves, Brumfield, or Theophile.

In March 2019, each capital defendant moved for a bill of particulars.[8] The Magistrate Judge held a hearing on their motions on April 3, 2019,[9] and she issued her order on May 13, 2019.[10] The order denied Ofomata's and Johnson's motions for a bill of particulars, as well as George's motion for a bill of particulars with respect to the notice of intent.[11] The order granted in part George's motion for a bill of particulars only as to count four, requiring the government to provide additional information concerning a cellular telephone; it denied George's remaining requests.[12]

The May 13, 2019 order was initially sealed because Johnson filed his reply memorandum under seal.[13] Counsel for the capital defendants were not aware of the Magistrate Judge's order until April 17, 2020, after which time they moved to unseal the May 13, 2019 order.[14] The May 13, 2019 order was unsealed on April 28, 2020, and the capital defendants timely filed the instant motion objecting to the order.[15]

In the period between the capital defendants' filings of their motions for bills of particulars and their filing of the instant motion, the trial of the capital defendants

---

[7] R. Doc. Nos. 147, 148 & 149. On July 1, 2019, the government filed a second amended notice of intent against George. R. Doc. No. 409.
[8] R. Doc. Nos. 252, 253, 254 & 261. The capital defendants' specific requests are set forth in the May 13, 2019 order. *See* R. Doc. No. 330.
[9] R. Doc. No. 305.
[10] R. Doc. No. 330.
[11] *Id.* at 19.
[12] *Id.*
[13] R. Doc. No. 313; R. Doc. No. 951, at 1 n.1.
[14] R. Doc. No. 919.
[15] R. Doc. No. 921.

3

was severed from that of Esteves, Brumfield, and Theophile.[16] Esteves and Brumfield were tried and convicted in November 2019.[17] After a seven-day trial, the jury found Esteves guilty as to all counts for which he was charged, and it found Brumfield guilty only as to count one.[18] The trial of the capital defendants has been continued to January 25, 2021.[19]

## II.

A United States Magistrate Judge may hear and determine "any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a); *see* 28 U.S.C. § 636(b)(1)(a). If a party timely objects to an order by a Magistrate Judge on a non-dispositive matter, the United States District Court must modify or set aside any part of the order that is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Under this deferential standard, the Court must affirm the decision by the Magistrate Judge "unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (Barbier, J.) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may order the government to file a bill of particulars. "A defendant possesses no right to a bill of particulars and the decision on the motion lies within the discretion of the

---

[16] R. Doc. No. 537.
[17] Theophile pled guilty to count four of the second superseding indictment on October 23, 2019. R. Doc. No. 646; R. Doc. No. 237, at 4.
[18] R. Doc. Nos. 729 & 731.
[19] R. Doc. No. 935.

4

court." *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980) (citing *Will v. United States*, 389 U.S. 98, 88 (1967)). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Burgin*, 621 F.2d at 1359; *see United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars.").

### III.

The capital defendants argue that the Magistrate Judge's rulings should be reversed for three reasons. First, they "deserve to know by formal means" whether they were principals or accessories to the offenses, the dates they joined in and ended their involvement in the conspiracy, the identities of unindicted coconspirators and other individuals involved, and details concerning the "shooting resulting in Hector Trochez's death."[20] Second, the "voluminous discovery," oral representations, and written statements from the government are not a substitute for a bill of

---

[20] R. Doc. No. 951-1, at 1–2. The Court notes that the second superseding indictment clearly charges all three capital defendants as coconspirators with respect to count one, all three capital defendants as principals with respect to counts two and three, and George as a principal with respect to count four. *See* R. Doc. No. 237.

5

particulars.[21] And third, they are entitled to additional information concerning the "death penalty allegations."[22]

The capital defendants previously filed a joint motion for an informative outline from the government requesting more specific information relative to the statutory intent factors, statutory aggravating factors, and non-statutory aggravating factors that the government intends to present at a penalty phase of trial.[23] The motion for an informative outline was filed nearly one year after the Magistrate Judge's order.[24] The Court denied that motion because the capital defendants were not entitled to such information, and it found that they had received sufficient notice of the government's penalty phase evidence to adequately prepare their defenses.[25]

The capital defendants acknowledge in their reply memorandum that the Court's order denying their motion for an informative outline "moot[s]" their request for additional information with respect to the special findings and factors in the notices of intent, and that the order "disposes of substantially similar arguments concerning whether [their] bill of particulars requests are obviated by the government's production of discovery."[26] Nevertheless, the capital defendants assert

---

[21] R. Doc. No. 951-1, at 1–2.
[22] *Id.*
[23] R. Doc. No. 922.
[24] Specifically, the motion for an informative outline was filed on April 28, 2020.
[25] *See* R. Doc. No. 988.
[26] R. Doc. No. 991, at 1 n.1. The capital defendants filed the instant motion before the Court issued its order denying their motion for an informative outline.

6

that the Court should reverse the Magistrate Judge's order.[27] They argue that "the dates they joined in and ended their involvement with the conspiracy, whether they were principals or accessories, the identities of unindicted coconspirators and others involved in the offense, *etc.*" are needed to guard against double jeopardy.[28] They further assert that the government must "identify, if known, who grazed Hector Trochez's arm" in order to "'obviate surprise at trial' for the defendant who ultimately must defend against that allegation."[29]

The discovery production by the government has included, *inter alia*, the supplemental homicide report by the New Orleans Police Department, the video surveillance footage of the robbery and shooting, a ballistics report of the types of firearms used during the robbery and shooting, and the coroner's report.[30] Furthermore, subsequent to the May 13, 2019 order, the government has provided the capital defendants with additional information regarding the charges against them—including, but not limited to, evidence of their alleged roles in the robbery and shooting, as well as in the conspiracy charged, and the name of the unindicted coconspirator. The information provided has also consisted of phone records and evidence that George conducted surveillance of the Chase bank weeks before December 18, 2013. In addition, the government has advised that all three capital

---

[27] *Id.* at 3.
[28] *Id.* at 2–3.
[29] *Id.* at 3.
[30] *See* R. Doc. No. 271, at 2–3; R. Doc. No. 957, at 19. With respect to the request for the government to identify the defendant who "grazed" Trochez's arm, the Court finds that the capital defendants are not entitled to additional information beyond that which has already been provided.

7

defendants allegedly fired weapons.[31] According to the government, George and Ofomata shot at Trochez, while Johnson shot at the armored truck "in an effort to keep Trochez's partner inside of the vehicle."[32] Significantly, counsel for the capital defendants have also had the opportunity to view the entire trial of Esteves and Brumfield, both of whom were charged with the same offenses as the capital defendants, and counsel have access to trial transcripts.

Considering the information that has already been made available to them, the capital defendants have not demonstrated that bills of particulars are necessary to obviate surprise at trial, prepare their defenses with full knowledge of the charges against them, or guard against double jeopardy. *See Mackey*, 551 F.2d at 970. The Magistrate Judge's order is not clearly erroneous or contrary to law.

## IV.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, June 9, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. No. 987, at 6.
[32] *Id.* The government informed the Court that there is a typographical error on page six of its opposition memorandum. According to the government, George and Johnson, rather than "Ofomata and Johnson," are alleged to have "shot in the direction of Trochez." *See id.*