## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                      **CRIMINAL ACTION**

**VERSUS**                                                                          **No. 17-201**

**LILBEAR GEORGE,**
**CURTIS JOHNSON, JR., &**                                          **SECTION I**
**CHUKWUDI OFOMATA**

## ORDER & REASONS

Before the Court are motions[1] filed by defendants Lilbear George ("George"),
Curtis Johnson, Jr. ("Johnson"), and Chukwudi Ofomata ("Ofomata") (collectively,
the "defendants") to strike certain aggravating factors from the government's notices
of intent or, alternatively, for an informative outline with respect to the aggravating
factors and an evidentiary hearing to determine the reliability of the government's
evidence supporting the aggravating factors. The government opposes the motions.[2]
For the following reasons, the motions are denied.

### I.

The allegations in the second superseding indictment are familiar to the
Court.[3] On August 31, 2018, the government filed its notices of intent to seek the
death penalty as to George, Johnson, and Ofomata.[4] Each notice of intent states that

---

[1] R. Doc. Nos. 838, 840, 851.
[2] R. Doc. No. 934.
[3] *See generally* R. Doc. No. 237.
[4] *See* R. Doc. Nos. 147–149. The government filed its amended notice of intent to seek
the death penalty as to George on June 19, 2019, and its second amended notice of

the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[5] Count three alleges that the defendants, along with co-defendants Jeremy Esteves and Robert Brumfield, III, "aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence . . . , and in the course thereof caused the death of Hector Trochez through the use of firearms," and that the killing is murder in that the murder was committed in perpetration of a robbery affecting commerce.[6]

Under the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591–3598, "conviction of an offense punishable by death is followed by a separate sentencing hearing which involves both an eligibility and selection phase." *United States v. Ebron*, 683 F.3d 105, 149 (5th Cir. 2012). To render a defendant eligible for the death penalty, the government must prove beyond a reasonable doubt one of four mental states, also known as statutory intent factors, provided in § 3591(a)(2) and at least one of sixteen statutory aggravating factors provided in § 3592(c). *United States v. Bourgeois*, 423 F.3d 501, 506–07 (5th Cir. 2005).[7]   A "[statutory] aggravating

---

intent to seek the death penalty as to George on July 1, 2019. *See* R Doc. Nos. 393 & 409.

[5] R. Doc. No. 148, at 1; R. Doc. No. 149, at 1; R. Doc. No. 409, at 1. The government filed its second superseding indictment on February 7, 2019. *See* R. Doc. No. 237. No material changes were made to count three. *Compare* R. Doc. No. 23, at 3, *with* R. Doc. No. 237, at 3.

[6] R. Doc. No. 237, at 3.

[7] The government must also prove that the defendant was not younger than 18 years of age at the time of the offense. 18 U.S.C. § 3591(a).

circumstance must genuinely narrow the class of persons eligible for the death penalty,"[8] *Zant v. Stephens*, 462 U.S. 862, 877 (1983), and "channel[] the jury's discretion." *Lowenfield v. Phelps*, 484 U.S. 231, 244 (1988).

Once a defendant is found to be eligible for the death penalty, the selection phase begins, during which the government may attempt to prove the existence of additional factors in support of its position that the death penalty should be imposed. *See* § 3593(c). Similarly, the defendant may attempt to prove the existence of mitigating factors to dissuade the sentencing jury from recommending a death sentence. *Id.* The jury then weighs the proven aggravating factors against any proven mitigating factors to determine if a death sentence is appropriate. § 3593(e). "What is important at the selection stage is an *individualized* determination on the basis of the character of the individual and the circumstances of the crime." *Zant*, 462 U.S. at 879.

The government's notice of intent with respect to Johnson includes four aggravating factors that the government intends to prove at the sentencing hearing to justify a death sentence for Johnson.[9] The statutory aggravating factors are grave risk of death to additional persons and pecuniary gain; the non-statutory aggravating factors are victim impact and other criminal conduct (substantial planning and premeditation for armed robbery).[10]

---

[8] *Zant* makes clear in a footnote that it refers to *statutory* aggravating circumstances. 462 U.S. at 877 n.15 ("These standards for statutory aggravating circumstances . . .").
[9] *See* R. Doc. No. 148.
[10] *Id.*

The government's notice of intent with respect to George includes seven aggravating factors that the government intends to prove at the sentencing hearing to justify a death sentence for George.[11] The statutory aggravating factors are grave risk of death to additional persons and pecuniary gain; the non-statutory aggravating factors are victim impact, lack of remorse, and other criminal conduct, specifically armed robbery, drug trafficking with a firearm, and substantial planning and premeditation for armed robbery.[12]

The government's notice of intent with respect to Ofomata includes five aggravating factors that the government intends to prove at the sentencing hearing to justify a death sentence for Ofomata.[13] The statutory aggravating factors are grave risk of death to additional persons and pecuniary gain; the non-statutory aggravating factors are victim impact and other criminal conduct, specifically murders and substantial planning and premeditation for armed robbery.[14]

## II.

Johnson moves to strike the pecuniary gain, substantial planning and premeditation, and victim impact aggravating factors pursuant to the Fourth, Fifth, Sixth, and Eighth Amendments of the U.S. Constitution and 18 U.S.C. §§ 3591–93.[15] George likewise moves to strike all of the same factors on the same basis, as well as

---

[11] *See* R. Doc. No. 409.
[12] *Id.*
[13] *See* R. Doc. No. 149.
[14] *Id.*
[15] R. Doc. No. 838-1, at 1.

the "other criminal conduct – armed robbery" aggravating factor.[16] Ofomata also moves to strike all of the same factors on the same basis as Johnson, as well as the "other criminal conduct – murders" aggravating factor.[17]

The defendants' motions with respect to their arguments in support of striking the pecuniary gain, substantial planning and premeditation, and victim impact aggravating factors are substantively identical. Accordingly, the Court will consider these arguments together. The Court will then address George and Ofomata's arguments that the "other criminal conduct" aggravating factors that rely on unadjudicated offenses should be stricken. Finally, the Court will evaluate the defendants' requests for alternative relief.

## A. Pecuniary Gain

The defendants present two arguments in support of their claims that the pecuniary gain factor must be stricken from the notices of intent: first, because the FDPA performs the narrowing function at the penalty phase, rather than the guilt phase, any aggravating factor that duplicates an element of the underlying offense is unconstitutional; and second, regardless of whether the aggravator is duplicative of an essential element of the underlying offense, the Court should strike it due to its potential to cause unfair skewing during the penalty phase's weighing process.[18] The Court will consider each argument in turn.

---

[16] R. Doc. No. 840-1, at 1, 20.
[17] R. Doc. No. 851-1, at 1, 20.
[18] R. Doc. No. 838-1, at 1–7; R. Doc. No. 840-1, at 1–7; R. Doc. No. 851-1, at 1–7.

*i.*

The government's notice of intent with respect to each of the defendants states that each "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value[.]"[19] The "offense" refers to count three of the second superseding indictment, which, as previously mentioned, alleges that the defendants, in violation of 18 U.S.C. §§ 924(c), (j)(1), and 1951(a), "did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence . . . that is, [Hobbs Act robbery], and in the course thereof caused the death of Hector Trochez through the use of firearms, and the killing is murder[.]"[20]

The defendants posit that the pecuniary gain aggravating factor is duplicative of an essential element of counts two[21] and three, because a Hobbs Act robbery is, in pertinent part, "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will[.]"[22] Therefore, according to the defendants, to find the defendants guilty of counts two and three, a jury would necessarily have to find that the defendants "committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value[.]"[23]

The defendants contend that the duplicative aggravator violates the Eighth Amendment, because it fails to narrow the class of offenders subject to the death penalty. Relying on *Lowenfield v. Phelps*, 484 U.S. 244 (1988), the defendants assert

---

[19] R. Doc. No. 148, at 2; R. Doc. No. 149, at 2; R. Doc. No. 409, at 2.
[20] R. Doc. No. 237, at 3.
[21] Count two charges the defendants with Hobbs Act robbery. *Id.* at 2–3.
[22] R. Doc. No. 838-1, at 2; R. Doc. No. 840-1, at 2; R. Doc. No. 851-1, at 2.
[23] R. Doc. No. 838-1, at 2; R. Doc. No. 840-1, at 2; R. Doc. No. 851-1, at 2.

that the presence of an aggravating factor that mirrors an essential element of the offense is only constitutional if the jury's narrowing function is performed at the guilt phase, rather than at the penalty phase.[24] Because the FDPA requires the jury to balance the aggravating factors against factors in mitigation at the penalty phase, the defendants argue that *Lowenfield*, as applied to the FDPA, prohibits aggravating factors that are duplicative of any of the essential elements of the charged offense.[25]

The government argues that the pecuniary gain aggravator is not duplicative of an essential element of count three, because it applies only in situations where defendants expect pecuniary gain to follow as a direct result of the murder, the capital offense.[26] By contrast, the government notes, the government does *not* have to prove that the defendants committed murder in the expectation that pecuniary gain would directly follow to convict the defendants of count three.[27] Furthermore, the government asserts, even if the pecuniary gain aggravator is duplicative of an essential element of count three, it still narrows the jury's discretion and is, therefore, constitutional pursuant to *Lowenfield*.[28]

The Court agrees with the government. First, the pecuniary gain aggravator is not duplicative of an essential element of count three. To apply the aggravator, the jury must find that the defendants committed murder—*not* a Hobbs Act robbery—"as consideration for the receipt, or in the expectation of the receipt, of anything of

---

[24] R. Doc. No. 838-1, at 4; R. Doc. No. 840-1, at 4; R. Doc. No. 851-1, at 4.
[25] R. Doc. No. 838-1, at 4–5; R. Doc. No. 840-1, at 4–5; R. Doc. No. 851-1, at 4–5.
[26] R. Doc. No. 934, at 7–9.
[27] *Id.* at 8–9.
[28] *Id.* at 5–6, 9–11.

pecuniary value."[29] *See United States v. Bernard*, 299 F.3d 467, 483 (5th Cir. 2002) ("[T]he application of the 'pecuniary gain' aggravating factor is limited to situations where 'pecuniary gain' is expected to follow as a direct result of the murder."); *see also United States v. Brown*, 441 F.3d 1330, 1370 (11th Cir. 2006) ("[T]he murder itself, and not an underlying robbery, must be committed in expectation of something of pecuniary value[.]"); *United States v. Chanthadara*, 230 F.3d 1237, 1264 (10th Cir. 2000) (holding that the jury instruction was erroneous because it failed to specify that the offense to which the pecuniary gain aggravating factor referred was murder, not the robbery).

While it may be true that anyone who commits a Hobbs Act robbery is motivated, at least in part, by pecuniary gain, this does not mean that anyone who commits a *murder* in the course of a Hobbs Act robbery does so in expectation that pecuniary gain will directly follow. *Bernard*, 299 F.3d at 483 (citing *Woratzeck v. Stewart,* 97 F.3d 329, 334 (9th Cir.1996) ("Even if it is true that under many circumstances a person who kills in the course of a robbery is motivated to do so for pecuniary reasons, that is not necessarily so.")); *see also United States v. Bolden*, 545 F.3d 609, 615 (8th Cir. 2008) (quoting *Bernard,* 299 F.3d at 483) ("[T]he pecuniary gain factor applies to a killing during the course of a bank robbery only 'where pecuniary gain is expected to follow as a direct result of the murder.'").  Accordingly,

---

[29] A Hobbs Act robbery cannot serve as the underlying capital offense. *See* 18 U.S.C. § 3591. Therefore, the "offense" referred to in the statutory pecuniary gain aggravator refers to the capital offense, murder, *not* the Hobbs Act robbery. *See* 18 U.S.C. § 3592(c)(8) ("The defendant committed the *offense* as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.") (emphasis added).

since the jury need not find that the defendants committed murder with the expectation that pecuniary gain would directly follow to convict them of count three, the aggravating factor is not duplicative of an essential element.

Second, the pecuniary gain aggravator is constitutional regardless of whether it is duplicative of an essential element because it narrows the jury's discretion and the class of defendants eligible for the death penalty. *See Lowenfield*, 484 U.S. at 246 ("An aggravating factor which merely repeats an element of the crime passes constitutional muster as long as it narrows the jury's discretion.");[30] *Holland v. Anderson*, 583 F.3d 267, 284 (5th Cir. 2009) ("[A]s long as an aggravating circumstance serves to narrow the class of defendants convicted of murder . . . , it 'may be contained in the definition of the crime [of conviction] *or* in a separate sentencing factor (*or* in both).'") (quoting *Tuilaepa v. California*, 512 U.S. 967, 972 (1994)) (alterations in original); *Nixon v. Epps*, 111 F. App'x 237, 250 (5th Cir. 2004) (rejecting the defendant's argument that the use of the pecuniary gain aggravator was inappropriate in his case because it duplicated an element of the convicted offense under Mississippi's capital murder statute).

In *Bernard*, the Fifth Circuit found the evidence insufficient to support the application of the pecuniary gain aggravator when the defendants murdered the

---

[30] The defendants contend that *Lowenfield* is distinguishable because the federal capital sentencing scheme requires the jury to consider aggravating factors at the penalty phase, while in *Lowenfield*, the jury applied the aggravating factor at the guilt phase. 484 U.S. at 244–45; R. Doc. No. 838-1, at 4. This distinction is irrelevant. As the Supreme Court stated in *Lowenfield*, there is "no reason why [the] narrowing function may not be performed by jury findings at either the sentencing phase of the trial or the guilt phase." 484 U.S. at 244–45.

victims not for pecuniary gain, but to prevent them from reporting the carjacking and robbery to the police. 299 F.3d at 483. The court agreed that the pecuniary gain aggravating factor does not apply "in every case in which the defendant acquires something of pecuniary value as a result of his involvement in a homicide." *Id*. at 483. Therefore, contrary to the defendants' assertion, the pecuniary gain aggravator performs the requisite narrowing function. *See id*.; *see also United States v. Mitchell*, 502 F.3d 931, 975 (9th Cir. 2007) (rejecting the defendant's argument that the pecuniary gain aggravating factor is unconstitutional because it "encompasses every carjacking" and holding that the aggravating factor performs a narrowing function); *United States v. Brown*, 441 F.3d 1330, 1370 (11th Cir. 2006) ("The pecuniary gain factor will not necessarily apply to every robbery/murder scenario[.]"). The Court will not strike the pecuniary gain aggravator on this basis.[31]

### ii.

The defendants next argue that the Court should strike the pecuniary gain aggravator because it could potentially create an unfair skewing effect during the

---

[31] Most of the other cases the defendants cite in support of their argument focus on the impermissibility of allowing juries to "double-count" aggravating factors—not on the constitutionality of an aggravating factor that duplicates an essential element of the underlying capital offense. *See, e.g., United States v. Webster*, 162 F.3d 308, 323 (5th Cir. 1998) (holding that "[a]lthough [the defendant] rightly points out the risk of unconstitutionally arbitrary application of the death penalty if the jury is permitted to double-count aggravating factors . . . the court did not err in this regard . . . [because the jury instructions] stated that the jury's findings as to the 'elements of intent' had to be unanimous").

The remainder of the cases the defendants cite in support are district court cases from outside of the Fifth Circuit, which the Court has considered, but it chooses not to follow.

weighing process.[32] Unlike the statute at issue in *Lowenfield*, the FDPA is a weighing statute, which requires the jury to weigh the aggravating factors against the mitigating factors to determine whether to impose a death sentence.[33] The defendants contend that allowing the jury to weigh the pecuniary gain aggravator "already proved in a guilty verdict would unfairly skew the weighing process in favor of death."[34]

First, as discussed, *supra*, the pecuniary gain aggravator is not duplicative of an essential element of the offense charged in count three. Second, as the government points out, even if the factor was duplicative of an essential element, the Fifth Circuit has already considered and squarely rejected the defendants' argument.[35] As explained in *United States v. Jones*:

> The submission of the elements of the crime as an aggravating factor merely allowed the jury to consider the circumstances of the crime when deciding whether to impose the death penalty. Thus, the kidnapping was weighed only *once* by the jury during the penalty phase of the trial. Consequently, the repetition of the elements of the crime as an aggravating factor did not contradict the constitutional requirement that aggravating factors genuinely narrow the jury's discretion.

132 F.3d 232, 249 (5th Cir. 1998), *aff'd,* 527 U.S. 373 (1999) (emphasis added); *see also United States v. Hall*, 152 F.3d 381, 417 (5th Cir. 1998), *abrogated on other grounds by United States v. Martinez-Salazar*, 528 U.S. 304 (2000) (rejecting the defendant's argument that "under a weighing framework such as the FDPA, allowing

---

[32] R. Doc. No. 838-1, at 6–7; R. Doc. No. 840-1, at 6–7; R. Doc. No. 851-1, at 6–7.
[33] R. Doc. No. 838-1, at 6–7; R. Doc. No. 840-1, at 6–7; R. Doc. No. 851-1, at 6–7.
[34] R. Doc. No. 838-1, at 7 (quoting *United States v. McVeigh*, 944 F. Supp. 1478, 1490 (D. Colo. 1996)); R. Doc. No. 840-1, at 7 (same); R. Doc. No. 851-1, at 7 (same).
[35] *See* R. Doc. No. 934, at 10–11.

the jury to consider the mere circumstance that established the basis of his conviction as an aggravating factor would unfairly skew the weighing process in favor of death").

Contrary to the defendants' contention, the jury will only weigh the pecuniary gain aggravating factor once, as the elements of the substantive offense are not weighed along with aggravating factors under the FDPA. Accordingly, even if the pecuniary gain aggravator is duplicative of an essential element of the offense charged in count three, there is no risk of skewing the scales against the defendants, in favor of death. The Court declines to strike the pecuniary gain aggravator from the notices of intent.

## B. Substantial Planning and Premeditation

The defendants present two main arguments in support of their claim that the "substantial planning and premeditation – armed robbery" aggravating factor must be stricken from the government's notices of intent. The defendants first argue that the factor must be stricken because it is not alleged in the indictment and it was not presented to the grand jury.[36]  The defendants next argue that the aggravator is unconstitutional because it is overbroad, vague, and fails to narrow the class of defendants eligible for the death penalty.[37]  The Court will consider each argument in turn.

---

[36] R. Doc. No. 838-1, at 8; R. Doc. No. 840-1, at 8; R. Doc. No. 851-1, at 8.
[37] R. Doc. No. 838-1, at 8–9; R. Doc. No. 840-1, at 8–9; R. Doc. No. 851-1, at 8–9.

*i.*

The government's notice of intent with respect to each of the defendants lists "Other Criminal Conduct – Substantial Planning and Premeditation for Armed Robbery" as a non-statutory aggravating factor and states that the defendant "substantially planned and premeditated the offenses alleged in Count 3 of the Superseding Indictment, which required the use of a firearm to facilitate the robbery of armed security guards."[38] The defendants contend that it was error for the grand jury not to consider this *non*-statutory aggravator and, therefore, it must be stricken.[39] While the defendants acknowledge that the grand jury considered the *statutory* aggravator "substantial planning and premeditation" under 18 U.S.C. § 3592(c)(9), they argue that the aggravator only applies to the murder charged in count three, not to the armed Hobbs Act robbery.[40]

The government responds by clarifying that, while the grand jury did return a special finding as to the statutory aggravator of substantial planning and premeditation described in 18 U.S.C. § 3592(c)(9), which refers to murder, the government chose not to proceed with that factor, did not include it in the notices of intent, and will not seek to have the jury consider it at trial.[41] Rather, the government chose to pursue the *non*-statutory aggravator of substantial planning and premeditation with respect to the armed robbery. The government argues that non-

---

[38] R. Doc. No. 148, at 3; R. Doc. No. 149, at 3; R. Doc. No. 409, at 4.
[39] R. Doc. No. 838-1, at 8; R. Doc. No. 840-1, at 8; R. Doc. No. 851-1, at 8.
[40] R. Doc. No. 838-1, at 8; R. Doc. No. 840-1, at 8; R. Doc. No. 851-1, at 8.
[41] R. Doc. No. 934, at 12.

statutory aggravators do *not* require the same consideration from the grand jury as statutory aggravators and are *not* required to be alleged in the indictment.[42]

The defendants' argument is clearly foreclosed by Fifth Circuit precedent. As the Fifth Circuit explained in *United States v. Bourgeois*:

> [N]either we nor any other circuit court of appeals has ever held that non-statutory aggravating factors must be set forth in the indictment. . . . [T]he critical issue is whether a factor will expose a criminal defendant to the death penalty. Only a factor that renders the defendant eligible for the death penalty must be charged in the indictment.
>
> Significantly, non-statutory aggravating factors do not render a criminal defendant eligible for the death penalty. As the Supreme Court explained in *Jones v. United States*, [527 U.S. at 377,] the findings of the statutory factors of intent and aggravation specified in the FDPA comprise the eligibility phase of death sentencing. As such, only the FDPA's statutory factors expose a criminal defendant to the death penalty. Alone, non-statutory aggravating factors cannot make a defendant eligible for death sentence. . . . Accordingly, it was neither constitutional nor statutory error for the non-statutory aggravating factors to be omitted from the indictment.

423 F.3d 501, 507–08 (5th Cir. 2005). Accordingly, because the substantial planning and premeditation aggravating factor applies only to the armed robbery and is non-statutory, the government was not required to have presented it to the grand jury or alleged it in the indictment. Not having done so is, therefore, not grounds for the factor to be stricken.

### ii.

Defendants next offer a plethora of arguments as to why the aggravating circumstance of "substantial planning and premeditation" described in 18 U.S.C. §

---

[42] *Id.* at 12–13.

3592(c)(9) is unconstitutionally broad and vague and, therefore, inadequately narrows the class of offenders eligible for the death penalty.[43]

The government argues that while statutory aggravators must narrow the class of offenders eligible for the death penalty, non-statutory aggravators are concerned with the individualized circumstances of the case.[44] Therefore, because the substantial planning and premeditation aggravator directs the jury to evidence specific to the case, it is not overbroad in violation of the Eighth Amendment.[45] The government also argues that the substantial planning and premeditation *non*-statutory aggravator is not unconstitutionally vague because the Fifth Circuit has already found that the *statutory* substantial planning and premeditation aggravator is not unconstitutionally vague.[46]

To be clear, the substantial planning and premeditation *statutory* aggravating factor as described in 18 U.S.C. § 3592(c)(9) is not at issue.[47] Rather, the defendants challenge the *non*-statutory aggravating factor of substantial planning and premeditation with respect to the armed robbery.   The Court will first consider whether the challenged aggravator is overbroad and, next, whether it is unconstitutionally vague.

---

[43] *See* R. Doc. No. 838-1, at 8–14; R. Doc. No. 840-1, at 8–14; R. Doc. No. 851-1, at 8–14.

[44] R. Doc. No. 934, at 14.

[45] *Id.*

[46] *Id.* at 14–17.

[47] As noted, *supra*, the government's notices of intent do not list this *statutory* factor as an aggravating circumstance. *See generally* R. Doc. Nos. 148, 149, 409.

In *Jones v. United States*, the Supreme Court, for the first time, "specifically considered what it means for a factor to be overbroad when it is important only for selection purposes[.]" 527 U.S. 373, 401 (1999). The *Jones* Court upheld the non-statutory aggravating factors of victim vulnerability and victim impact and rejected the claim that, because these factors might apply to every eligible defendant, they fall within the Eighth Amendment's proscription against overbroad factors. The Supreme Court reasoned:

> Even though the *concepts* of victim impact and victim vulnerability may well be relevant in every case, *evidence* of victim vulnerability and victim impact in a particular case is inherently individualized. And such evidence is surely relevant to the selection phase decision, given that the sentencer should consider all of the circumstances of the crime in deciding whether to impose the death penalty.

*Id*. at 401–02 (citing *Tuilaepa,* 512 U.S. at 976). The challenged non-statutory aggravating factors were not overbroad in a way that offended the Constitution because they "directed the jury to the evidence specific to [the] case[.]" *Id*. at 402.

The challenged aggravator is not overbroad in violation of the Eighth Amendment because it directs the jury's attention to evidence specific to this case—namely, the defendants' alleged substantial planning and premeditation with respect to carrying out the Hobbs Act robbery charged in counts two and three. *See id*.; *see also United States v. Fields*, 516 F.3d 923, 944–45 (10th Cir. 2008) (holding that, based on *Jones*, non-statutory aggravators relating to infliction of anguish or other special suffering on the part of a victim were not overbroad in violation of the Eighth Amendment because they "clearly directed the jury to focus on evidence specific to the particular victim and crime in this case, thereby satisfying the overarching

function of a non-statutory aggravator"). Evidence of these allegations will also aid the jury in making "an *individualized* determination on the basis of the character of the individual[s] and the circumstances of the crime." *See Zant*, 462 U.S. at 879.

The substantial planning and premeditation aggravator is also not unconstitutionally vague. As discussed, *supra*, this *statutory* aggravator refers to the substantial planning and premeditation of the capital offense, i.e. murder, whereas the *non*-statutory aggravator at issue in this case refers to the substantial planning and premeditation of the armed robbery.[48] *See* 18 U.S.C. § 3592(c)(9). The Fifth Circuit has held that the substantial planning and premeditation *statutory* aggravator is not vague. *See United States v. Flores*, 63 F.3d 1342, 1373–74 (5th Cir. 1995). The Court finds no reason why the phrase "substantial planning and premeditation" would be vague when used in reference to armed robbery but not when used in reference to murder. Accordingly, the Court rejects the defendants' vagueness challenge for the same reasons expressed by the Fifth Circuit in *Flores*. *See id.*

The Court declines to strike the substantial planning and premeditation aggravator from the notices of intent.

### C. Victim Impact

The defendants next argue that the victim impact aggravator, a non-statutory factor, must be stricken from the government's notices of intent for two reasons: (1) it is overbroad and vague, and fails to narrow the jury's discretion, and (2) it violates

---

[48] *See* R. Doc. No. 148, at 3; R. Doc. No. 149, at 3; R. Doc. No. 409, at 4.

the Eighth Amendment's proscription against arbitrary and capricious sentences.[49] The government's notice of intent with respect to each of the defendants states that "[a]s reflected by the victim's personal characteristics as a human being and the impact of the offenses on the victim and the victim's family, [the defendant] caused loss, injury, and harm to the victim and the victim's family (*see Payne v. Tennessee*, 501 U.S. 808, 825–827 (1991)) including, but not limited to, the fact that the victim's family suffered severe and irreparable harm[.]"[50]

As previously discussed, the Supreme Court held in *Jones* that the victim impact aggravator is not overly broad because although "the *concept[]* of victim impact . . . may well be relevant in every case, *evidence* of . . . victim impact in a particular case is inherently individualized" and "direct[s] the jury to the evidence specific to [the] case[.]" 527 U.S. at 401–02. The *Jones* Court also considered and rejected the defendants' argument that the victim impact aggravator is unconstitutionally vague. *See id.* at 400–01 (holding that a victim impact aggravator was not unconstitutionally vague because it directed the jury to consider, *inter alia,* "the effect of the crime on [the victim's] family"); *see also Bourgeois*, 423 F.3d at 511 (same). Consequently, the Court must reject the defendants' first argument.

The defendants' second argument is similarly precluded by Supreme Court precedent. As the defendants recognize, the Supreme Court held in *Payne* that the

---

[49] R. Doc. No. 838-1, at 14–20; R. Doc. No. 840-1, at 14–20; R. Doc. No. 851-1, at 14–20.
[50] R. Doc. No. 148, at 2–3; R. Doc. No. 149, at 3; R. Doc. No. 409, at 2.

Eighth Amendment erects no per se bar against victim impact evidence.[51] 501 U.S. at 827. The defendants urge the Court to diverge from *Payne*'s holding and find that the introduction of victim impact evidence violates the Eighth Amendment's proscription against arbitrary and capricious sentences.[52] The Court cannot turn a blind eye to Supreme Court precedent.

Accordingly, the Court declines to strike the victim impact aggravator from the notices of intent.

### D. Unadjudicated Offenses as Other Criminal Conduct

Ofomata and George next argue that the Court should strike the "other criminal conduct" aggravator in the government's notice of intent with respect to each of them.[53] The other criminal conduct aggravator for both defendants relies on one or more unadjudicated offenses—unadjudicated murders with respect to Ofomata, and an unadjudicated armed robbery with respect to George.[54] The government's notice of intent with respect to Ofomata states that he "participated in the murders of two people in New Orleans, Louisiana, in April 2008[.]"[55] The government's notice of intent with respect to George states that he "participated in the armed robbery of an

---

[51] R. Doc. No. 838-1, at 16; R. Doc. No. 840-1, at 16; R. Doc. No. 851-1, at 16.

[52] R. Doc. No. 838-1, at 16; R. Doc. No. 840-1, at 16; R. Doc. No. 851-1, at 16.

[53] R. Doc. No. 840-1, at 20–23; R. Doc. No. 851-1, at 20–21; *see* R. Doc. No. 149, at 3; R. Doc. No. 409, at 3. George also faces a non-statutory aggravator for "Other Criminal Conduct – Drug Trafficking with a Firearm." R. Doc. No. 409, at 3. George does not argue that this factor should also be stricken.

[54] R. Doc. No. 149, at 3; R. Doc. No. 409, at 3.

[55] R. Doc. No. 149, at 3.

Intertrust armored car at the Capital One Bank, 1100 S. Carrollton Avenue, New Orleans, Louisiana, on December 13, 2007[.]"[56]

Ofomata and George both posit that the other criminal conduct aggravator violates the Fifth and Eighth Amendments of the United States Constitution.[57] George also argues that the aggravator violates his Sixth Amendment right to counsel.[58] The Court will consider the defendants' shared arguments and then address George's additional argument.

### i.

Ofomata and George recognize that courts have held that there is no per se bar on the use of unadjudicated criminal conduct in a capital sentencing proceeding.[59] However, they argue that the use of the noticed unadjudicated offenses in their sentencing proceedings would violate the Fifth Amendment's guarantee to due process and Eighth Amendment's prohibition against cruel and unusual punishment, because the government's evidence is not sufficiently reliable to allow a reasonable jury to find that they committed the noticed offenses beyond a reasonable doubt.[60] Ofomata and George also argue that the government's evidence is especially unreliable in light of the heightened need for reliability during the penalty phase of capital proceedings.[61]

---

[56] R. Doc. No. 409, at 3.
[57] R. Doc. No. 840-1, at 20–22; R. Doc. No. 851-1, at 20–21.
[58] R. Doc. No. 840-1, at 22–23.
[59] R. Doc. No. 840-1, at 21; R. Doc. No. 851-1, at 21.
[60] R. Doc. No. 840-1, at 21–22; R. Doc. No. 851-1, at 21.
[61] R. Doc. No. 840-1, at 21; R. Doc. No. 851-1, at 21. George and Ofomata additionally argue that the other criminal conduct aggravator is unconstitutionally vague and

George contends that law enforcement has evidence in its possession showing that someone other than George committed the unadjudicated offense, which he argues only further demonstrates the unreliability of the government's evidence.[62] George further asserts that the use of the unadjudicated offense—the prior armed robbery of an armored car—is unduly prejudicial and must be stricken from the notice of intent because of its similarity to the crime for which George and his co-defendants are on trial.[63]

Evidence of prior unadjudicated offenses is not per se inadmissible on constitutional grounds. *Brown v. Dretke*, 419 F.3d 365, 376–77 (5th Cir. 2005); *Hall*, 152 F.3d at 404. However, the government will have to prove the commission of such offenses beyond a reasonable doubt,[64] and the Court may exclude evidence of these

---

provides them with insufficient notice. R. Doc. No. 840-1, at 20; R. Doc. No. 851-1, at 20. The Court addresses this argument in section E, *infra*.

[62] R. Doc. No. 840-1, at 22.

[63] *Id.*

[64] While the government is not required to prove unadjudicated offenses beyond a reasonable doubt when they are offered *in support* of an aggravating factor, *see Hall*, 152 F.3d at 404, it must satisfy this burden of proof when such offenses are offered as independent aggravating factors. *See* 18 U.S.C. § 3593(c); *United States v. Higgs*, 353 F.3d 281, 322–23 (4th Cir. 2003) (holding that, with respect to the "obstruction of justice" non-statutory aggravator, the district court properly instructed the jury that the government was required to "prove *beyond a reasonable doubt* that the defendant tampered and attempted to tamper with evidence and witnesses for the purpose of obstructing the investigation of the kidnappings and murders") (emphasis added); *United States v. Gilbert*, 120 F. Supp. 2d 147, 152 n.2 (D. Mass. 2000) (holding that the government had to prove the nonstatutory aggravator "Other, charged and uncharged, acts of violence and other offenses" beyond a reasonable doubt); *United States v. Cooper*, 91 F. Supp. 2d 90, 108 (D.D.C. 2000) (holding that if the government intends to use prior criminal behavior as an aggravating factor per se, rather than as evidence of future dangerousness, it must prove such behavior beyond reasonable doubt).

offenses "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).

Turning first to Ofomata and George's assertions with respect to the reliability of the government's evidence, neither defendant provides specific reasons why the evidence is unreliable. Rather, both defendants generally assert that the Eighth Amendment imposes a heightened need for reliability and, therefore, the evidence should be excluded.

Ofomata and George's arguments are unpersuasive because the Supreme Court's Eighth Amendment jurisprudence does not refer to *evidentiary* reliability when it speaks of the heightened need for reliability. *See United States v. Fields*, 483 F.3d 313, 337 (5th Cir. 2007). Rather, as the Fifth Circuit has explained,

> [W]here the [Supreme] Court discusses the need for reliability in the Eighth Amendment context, it is not talking about the appropriate sources for information introduced at sentencing or even, more generally, about the reliability of evidence. It is instead focusing on (1) the need to delineate, *ex ante,* the particular offenses for which death is a proportionate punishment and (2) the need for the jury to be able to consider all factors (particularly mitigating, but also aggravating) relevant to choosing an appropriate punishment once the death penalty is in play. Reliable death sentences, under the Eighth Amendment, are those that result from a sentencing scheme that guards against arbitrariness by streamlining discretion at the eligibility stage, and then allows for the exercise of wide-ranging discretion at the selection stage.

*Id.* at 336; *see also Coble v. Davis*, 728 F. App'x 297, 301 (5th Cir.), *cert. denied,* 139 S. Ct. 338 (2018) (rejecting the defendant's argument that the introduction of

---

Ofomata claims that the government must include the burden of proof with respect to the unadjudicated offense in its notice of intent. *See* R. Doc. No. 851-1, at 20. There is no support for this assertion.

unreliable testimony violated the Eighth Amendment's heightened reliability requirement in capital cases).

Furthermore, heightened reliability requires the admission of more, not less evidence. *See Fields*, 483 F.3d at 335 ("When it comes to sentencing, the more information available for consideration by the sentencing authority, the more confidence we can have in the appropriateness of the sentence."); *United States v. Fell*, 360 F.3d 135, 143 (2d Cir. 2004) ("[T]he Supreme Court has . . . made clear that in order to achieve such 'heightened reliability,' *more* evidence, not less, should be admitted on the presence or absence of aggravating and mitigating factors[.]") (citing *Gregg v. Georgia,* 428 U.S. 153, 203–04 (1976)).[65]

The Court also rejects George's contention that the other criminal conduct aggravator must be stricken from the notice of intent because it is unfairly prejudicial. George explains why the evidence is prejudicial—its similarity to the charged offense and the fact that it occurred only six years prior—but fails to put forth any argument as to why such evidence is *unfairly* prejudicial. *See* 18 U.S.C. § 3593(c) ("Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair

---

[65] George's broad assertion that the government's evidence with respect to his unadjudicated offense is unreliable because law enforcement has unspecified exculpatory evidence in its possession is similarly meritless. As just discussed, Eighth Amendment reliability does not refer to *evidentiary* reliability. Moreover, George now has in his possession all of the discovery that the government possesses with respect to the alleged offense. *See* R. Doc. No. 934, at 36. George can use the exculpatory information to argue that the government has failed to meet its burden of proof.

prejudice, confusing the issues, or misleading the jury."). The reason George finds the evidence so prejudicial is the very same reason the government contends that the evidence is highly probative.[66]  It is not enough for George to claim prejudice—he must demonstrate that the probative value of the evidence is outweighed by the danger of creating *unfair* prejudice. *See* 18 U.S.C. § 3593(c). George has failed, at this stage of the proceedings, to make that showing.

### ii.

George also asserts that the other criminal conduct aggravator must be stricken from the notice of intent because it violates his Sixth Amendment right to counsel.[67] George argues that he has "never had the benefit of counsel to investigate or test" the prior armed robbery offense and has "never had any reason to anticipate the need to defend himself against the charge at all."[68] He reasons that because whole categories of evidence which may have been available to him to rebut the government's allegations, such as witnesses, surveillance and electronic evidence, and physical evidence, have long since disappeared, the inclusion of prior unadjudicated conduct as a non-statutory aggravator violates his Sixth Amendment right to counsel.[69]

George's claim is without support. The government never commenced adversary proceedings against George for the unadjudicated offense and, therefore,

---

[66] *Compare* R. Doc. No. 840-1, at 22, *with* R. Doc. No. 934, at 38.
[67] R. Doc. No. 840-1, at 22–23.
[68] *Id.* at 22.
[69] *Id.* at 22–23.

the Sixth Amendment right to counsel never attached with respect to the prior armed robbery. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *United States v. Gouveia,* 467 U.S. 180, 187–188 (1984)) ("The right to counsel guaranteed by the Sixth Amendment attaches when adversary proceedings are commenced against the defendant.").

## E. Alternative Relief

Finally, the Court turns to all three of the defendants' requests for alternative relief. The defendants urge the Court to hold an evidentiary hearing to determine the reliability of the government's evidence with respect to the noticed aggravators and to require the government to provide the defendants with a bill of particulars or detailed outline of the aggravators.[70] Ofomata and George argue that the need for an evidentiary hearing and bill of particulars or detailed outline is especially salient given the government's reliance on prior unadjudicated offenses as aggravators.[71]

The Court previously considered and denied the defendants' requested relief in its order and reasons denying the joint motion for an informative outline and pretrial evidentiary hearing.[72] That order specifically considered and rejected Ofomata and George's claims that the government has not provided them with sufficient notice or discovery with respect to the prior unadjudicated offenses.[73]

---

[70] R. Doc. No. 838-1, at 20–22; R. Doc. No. 840-1, at 23–27; R. Doc. No. 851-1, at 22–25.
[71] R. Doc. No. 840-1, at 24, 26; R. Doc. No. 851-1, at 24.
[72] *See* R. Doc. No. 988.
[73] *Id.* at 25–26.

Accordingly, the Court denies the defendants' requests for alternative relief for the same reasons expressed in its previous order denying the same.

**III.**

For the foregoing reasons,

**IT IS ORDERED** that George, Johnson, and Ofomata's motions to strike certain aggravating factors are **DENIED**.

**IT IS FURTHER ORDERED** that George, Johnson, and Ofomata's requests for alternative relief are **DENIED**.

New Orleans, Louisiana, July 20, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**