## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **LILBEAR GEORGE,** | **SECTION I** |
| **CURTIS JOHNSON, JR.,** | |
| **& CHUKWUDI OFOMATA** | |

## ORDER & REASONS

Before the Court are motions[1] filed by defendants Lilbear George ("George"), Curtis Johnson, Jr. ("Johnson"), and Chukwudi Ofomata ("Ofomata") (collectively, the "defendants")  to strike the government's notices of intent to seek the death penalty as to each of them because gateway intent factors C and D are unconstitutional.[2] Ofomata also moves the Court to strike the government's notice of intent with respect to him because gateway intent factors A and B are not contained in the notice of special findings returned by the grand jury.[3] The government opposes the motions.[4] For the following reasons, the motions are denied and/or dismissed without prejudice as set forth herein.

---

[1] R. Doc. Nos. 836, 841, 852.
[2] When the Court refers to gateway intent factors, it refers to each of the four statutory intent factors set forth in 18 U.S.C. § 3591(a)(2).
[3] R. Doc. No. 852.
[4] R. Doc. No. 923.

## I.

The allegations in the second superseding indictment are familiar to the Court.[5] On August 31, 2018, the government filed its notices of intent to seek the death penalty as to George, Johnson, and Ofomata.[6] Each notice of intent states that the government "believes the circumstances of the offenses charged in Count 3 of the Superseding Indictment are such that in the event of a conviction, a sentence of death is justified . . . , and that [the government] will seek the sentence of death for this offense."[7] Count three alleges that the defendants, along with co-defendants Jeremy Esteves and Robert Brumfield, III, "aiding and abetting each other, did knowingly use, carry, brandish, and discharge firearms during and in relation to crimes of violence . . . , and in the course thereof caused the death of Hector Trochez through the use of firearms," and that the killing is murder in that the murder was committed in perpetration of a robbery affecting commerce.[8]

Under the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591–3598, "conviction of an offense punishable by death is followed by a separate sentencing hearing which involves both an eligibility and selection phase." *United States v.*

---

[5] *See generally* R. Doc. No. 237.

[6] *See* R. Doc. Nos. 147–149. The government filed its amended notice of intent to seek the death penalty as to George on June 19, 2019, and its second amended notice of intent to seek the death penalty as to George on July 1, 2019. *See* R Doc. Nos. 393 & 409.

[7] R. Doc. No. 148, at 1; R. Doc. No. 149, at 1; R. Doc. No. 409, at 1. The government filed its second superseding indictment on February 7, 2019. *See* R. Doc. No. 237. No material changes were made to count three. *Compare* R. Doc. No. 23, at 3, *with* R. Doc. No. 237, at 3.

[8] R. Doc. No. 237, at 3.

*Ebron*, 683 F.3d 105, 149 (5th Cir. 2012). To render a defendant eligible for the death penalty, the government must prove beyond a reasonable doubt one of four mental states, known as "gateway intent factors," provided in § 3591(a)(2) and at least one of sixteen statutory aggravating factors provided in § 3592(c). *United States v. Bourgeois*, 423 F.3d 501, 506–07 (5th Cir. 2005).[9]   The four gateway intent factors provided in § 3591(a)(2) are that a defendant:

(A) intentionally killed the victim;

(B) intentionally inflicted serious bodily injury that resulted in the death of the victim;

(C) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or

(D) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act[.]

18 U.S.C. § 3591(a)(2).

As to Ofomata, the government alleges all four gateway intent factors found in § 3591(a)(2) in its notice of intent.[10] As to George and Johnson, the government alleges only the gateway intent factors found in § 3591(a)(2)(C) and (D) ("gateway

---

[9] The government must also prove that the defendant was not younger than 18 years of age at the time of the offense. 18 U.S.C. § 3591(a).
[10] R. Doc. No. 149, at 1–2.

intent factors (C) and (D)").[11] The second superseding indictment's notice of special findings alleges only gateway intent factors (C) and (D) as to *all* of the defendants.[12]

## II.

All of the defendants move to strike the government's notices of intent on the basis that gateway intent factors (C) and (D) are unconstitutional under the Fourth, Fifth, Sixth, and Eighth Amendments of the U.S. Constitution.[13] Ofomata also moves to strike the gateway intent factors found in § 3591(a)(2)(A) and (B) ("gateway intent factors (A) and (B)") on the basis that they were not found by the grand jury and not included in the notice of special findings.[14]

The defendants' motions with respect to their arguments in support of striking gateway intent factors (C) and (D) are substantively identical. Accordingly, the Court will consider these arguments first and then address Ofomata's argument that gateway intent factors (A) and (B) must also be stricken.

### A. Gateway Intent Factors (C) and (D)

The defendants argue that gateway intent factors (C) and (D) are unconstitutional, because, pursuant to the Eighth Amendment's proportionality requirement, only intentional killings may be subject to capital punishment, and the second superseding indictment does not allege which specific defendant intentionally killed Hector Trochez.[15] The defendants acknowledge that their argument is

---

[11] R. Doc. No. 148, at 1–2; R. Doc. No. 409, at 1–2.
[12] R. Doc. No. 237, at 7–9.
[13] R. Doc. No. 836-1, at 1–2; R. Doc. No. 841-1, at 1–2; R. Doc. No. 852-1, at 3.
[14] R. Doc. No. 852-1, at 2–3.
[15] R. Doc. No. 836-1, at 2; R. Doc. No. 841-1, at 2; R. Doc. No. 852-1, at 2.

foreclosed by the Supreme Court's decisions in *Enmund v. Florida,* 458 U.S. 782 (1982) and *Tison v. Arizona*, 481 U.S. 137 (1987), but they contend that evolving standards of decency prohibit the execution of a person who did not actually kill, that objective indicia confirm the existence of a national consensus against executing those who did not actually kill, and that executing those who did not actually kill fails to serve the goals of retribution or deterrence.[16]

The Supreme Court held in *Enmund* that the Eighth Amendment prohibits capital punishment for one who "aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." 458 U.S. at 797. But the *Enmund* Court indicated that the result could be different if "the likelihood of a killing in the course of a robbery were so substantial that one should share the blame for the killing if he somehow participated in the felony." *Id.* at 799. Later, in *Tison*, the Supreme Court held that "[1] major participation in the felony committed, combined with [2] reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." 481 U.S. at 158.

The FDPA's legislative history demonstrates that Congress intended gateway intent factors (C) and (D) to correspond with the Supreme Court's holdings in *Enmund* and *Tison. See United States v. Williams*, 610 F.3d 271, 288 (5th Cir. 2010) ("tak[ing] no issue" with the government's argument that "the FDPA's legislative history demonstrates that 18 U.S.C. § 3591(a)(2)(D) was intended to comport

---

[16] R. Doc. No. 836-1, at 2–8; R. Doc. No. 841-1, at 2–8; R. Doc. No. 852-1, at 3–9.

with *Enmund* and *Tison*"); H.R. Rep. 103–466 (March 25, 1994) ("The intentional participation [gateway intent factor (C)] and 'reckless disregard for human life' [gateway intent factor (D)] standards stem from the Supreme Court's holdings in" *Enmund* and *Tison*.). Accordingly, the defendants' arguments that gateway intent factors (C) and (D) are unconstitutional are foreclosed by Supreme Court precedent.

### B. Gateway Intent Factors (A) and (B)

Ofomata argues that gateway intent factors (A) and (B) must be stricken from the government's notice of intent because they are not contained in the notice of special findings returned by the grand jury.[17]  The government responds, consistent with its previous representations to the Court,[18] that it intends to convene the grand jury, when possible, to render this argument moot.[19] The Court will dismiss Ofomata's motion without prejudice, reserving him the right to re-urge his argument that gateway intent factors (A) and (B) must be stricken from the notice of intent if such argument is not rendered moot.[20]

### III.

For the foregoing reasons,

**IT IS ORDERED** that George and Johnson's motions to strike gateway intent factors (C) and (D) are **DENIED**.

---

[17] R. Doc. No. 852-1, at 2–3.
[18] R. Doc. No. 900, at 2.
[19] R. Doc. No. 923, at 8–9.
[20] Ofomata will *not* have the right to re-urge his arguments with respect to gateway intent factors (C) and (D).

**IT IS FURTHER ORDERED** that Ofomata's motion with respect to gateway intent factors (C) and (D) is **DENIED**.

**IT IS FURTHER ORDERED** that Ofomata's motion with respect to gateway intent factors (A) and (B) is **DISMISSED WITHOUT PREJUDICE**, reserving him the right to re-urge his argument if such argument is not rendered moot by future action of the grand jury.

New Orleans, Louisiana, July 21, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**