UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO: 17-201 |
| | * | |
| VERSUS | * | SECTION I |
| | * | |
| LILBEAR GEORGE ET AL. | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR IMMEDIATE PRODUCTION OF *BRADY* MATERIAL**

Lilbear George, Curtis Johnson and Chukwudi Ofomata, through undersigned counsel, respectfully move this Court, pursuant the Fifth, Sixth, and Eighth Amendments to the United States Constitution, to order the government to produce all *Brady* material, including impeachment material, immediately.

**I. Procedural History**

Mr. George, Mr. Johnson and Mr. Ofomata are accused of Conspiracy to Interfere with Commerce by Threats or Violence (robbery), Interference with Commerce by Threats or Violence (robbery), and Murder by Firearm During a Crime of Violence (robbery). R. Doc. 237. The crimes allegedly occurred in December 2013, and the defendants were first charged with them in November 2017, close to four years later. R. Doc. 23. On August 31, 2018, the government filed Notices of Intent to Seek Death Penalty. R. Docs. 147-149.

The defendants have requested all *Brady* materials on multiple occasions, beginning in 2017 and 2018. Indeed, several motions seeking discovery of *Brady* materials were litigated over a year ago. Defendants requested all material favorable and impeachment evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *United States v. Bagley*, 473 U.S. 667, 675 (1985), *Kyles v. Whitley*, 514 U.S. 419, 433 (1995), and *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993). R. Docs. 335 (Ofomata), 337 (George), 372 (Johnson). In response, the Magistrate

Judge issued an order reminding the government that "*Brady* material is **any** evidence favorable to the accused 'where the evidence is *material* either to guilt or punishment,'" and of its "'**duty** to learn of any favorable evidence *known to others acting on the government's behalf*.'" R. Doc. 462 at 7 (citations omitted) (emphasis in the original). To the extent the government had owned up to having *Brady* material in its possession, the Magistrate Judge ordered the government to produce it "**no later than seven (7) days from the date of this Order**." *Id*. at 5, 6 (emphasis in the original) (**dated July 31, 2019**).

The current scheduling order stipulates that *Brady* material be "provided immediately." R. Doc. 952 at 1-2. The material includes "impeachment material." *Id*. at 1.[1] The Constitutional Due Process Requirement of *Brady* Trumps Jencks Act Disclosure of Prior Statements of Witnesses.

The Due Process Clause of the Fifth Amendment of the United States Constitution requires the prosecution to disclose all evidence that favors the defendant which is material to the issue of guilt or which could impeach the testimony of any witness. *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993) (citing *United States v. Bagley*, 473 U.S. 667 (1985). "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87; *United States v. Swensen*, 894 F.3d 677, 683 (5th Cir. 2018). The Supreme Court has emphasized that impeachment evidence falls within the *Brady* rule. *United States v. Bagley,* 473 U.S. 667, 676-77 (1985); *see also Kyles v. Whitley,* 514 U.S. 419, 433 (1995); *Swensen*, 894 F.3d at 683.

---

[1] The current scheduling order also stipulates that Jencks Act and *Giglio* materials be provided "no later than two weeks in advance of trial" with the exception of "materials that involve witness security issues," which are to be provided the Wednesday before trial commences. *Id*. at 2. The Court has explained that all impeachment evidence "falls within the rule of *Brady*. The scheduling order states that such material 'will be provided immediately.'" R. Doc. 1232 (citing R. Doc. 952).

The Jencks Act, 18 U.S.C. § 3500, provides that upon motion by the defense, the prosecution must provide to the defense any statement made by a testifying witness immediately after the witness's direct testimony. It was enacted following the Supreme Court's decision in *Jencks v. United States*, which held "that the criminal action must be dismissed when the Government, on the ground of privilege, elects not to comply with an order to produce, for the accused's inspection and for admission in evidence, relevant statements or reports in its possession of government witnesses touching the subject matter of their testimony at trial." 353 U.S. 657, 672 (1957). In reaching its decision, the Court placed considerable reliance upon *United States v. Reynolds*, 345 U.S. 1 (1953), which in turn relied upon *United States v. Beekman*, 155 F.2d 580 (2d Cir. 1946) (Frank, J.) and *United States v. Andolschek*, 142 F.2d 503 (2d Cir. 1944) (L. Hand, J.), summarizing the essence of those cases as follows: "The rationale of [those] cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privilege to deprive the accused of anything which might be material to his defense." *Reynolds*, 345 U.S. at 12.

The constitutional requirement of due process underpinning *Brady* trumps the Jencks Act. *See*, *e.g.*, *Govt. of Virgin Islands v. Fahie*, 419 F.3d 249, 257 (3d Cir. 2005) ("[T]he contours of Rule 16's exceptions should be interpreted to minimize conflict with the government's constitutional disclosure obligations under Brady. . . . Since the Government was obligated to share the kind of objective fact evidence contained in the ATF Report with Fahie under the Sixth Amendment, we will not exempt the government from this obligation under Rule 16(a)(2) in the absence of language compelling a contrary result"); *United States v. Murphy*, 569 F.2d 771, 774 (3d Cir. 1978) ("[T]he district court was correct in denying defendant's motions to order the

3

government to divulge Jencks material during the suppression hearing. This result, of course, in no way impairs the government's constitutional obligations under Brady . . . ."); *United States v. Tarantino*, 846 F.2d 1384, 1414, n. 11 (D.C. Cir. 1988) ("Of course, under Brady . . . , the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations"). Thus, while the government may not be obligated to produce statements made by prospective witnesses under the Jencks Act, the government is required to do so if the statements constitute *Brady* material. "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois,* 360 U.S. 264, 269 (1959). Evidence which would impeach the testimony of any witness who testifies at trial is favorable to the accused and must be disclosed upon request. *Giglio v. United States,* 405 U.S. 150, 154 (1972).

This Court has recognized the Fifth Amended Scheduling Order's requirement that the government produce impeachment material immediately. In the context of inconsistent statements of government witness Donnell, the Court ordered that the government produce unredacted copies of an NOPD report and FBI 302 within two days. R. Doc. 1232 at 44-45 (the reports containing "impeachment evidence . . . fall within the rule of *Brady*. The scheduling order states that such material 'will be provided immediately.' Consequently, the government is to produce the reports in their entirety as soon as is practicable.").[2] The same is true of any other impeachment material,

---

[2] In response to the Court's order, the government provided the same redacted NOPD report provided previously. It still includes many pages of redacted material. In subsequent communication, the government contended that the Court's order only applied to Donnell's statements in the NOPD report. This sidesteps the issue of whether the redacted content constitutes *Brady* impeachment material. For example, the government has redacted the name of a witness who came forward to give a physical description of an alternate suspect in the case. The witness maintained that person

4

including but not limited to contradictory direst statements of witnesses, contradictory summarized statements of witnesses, government agreements with witnesses pertaining to their testimony, prior convictions of witnesses, and extrinsic impeachment evidence available to the government.[3]

## II. The Government has Failed to Produce a Significant Amount of *Brady* Evidence.

The November 2019 non-capital trial of codefendants Brumfield and Esteves revealed the existence of significant impeachment evidence that has not been turned over by the government. While the defendants have transcripts of witness testimony at trial, they do not have other materials with which the witnesses were impeached. For example, during the course of informant Cedric Wade's testimony, he was impeached with a signed memorandum of understanding with the government, a return on a search warrant of his apartment indicating that drugs and an assault rifle were seized in a search of his apartment, his grand jury testimony, and an FBI 302. R. Doc. 721 at 40-41, 62, 69, 71, 77, 78.[4] Other witnesses impeached with material in the government's possession yet not turned over to the defense included, but were not limited to: Jamell Hurst, Lydell Hinton, India Bell and Steven Rayes. There may be additional witnesses as well who did not testify at the codefendants' trial. The defense can only guess as to the materials that exist, while the government can easily identify them and turn them over.

---

resembled the police artist composite sketch of one of the perpetrators of the robbery as described by another witness. See Exhibit 1, NOPD Report at LOOMIS 102. The witness's name should not be redacted from the report.

[3] *See* R. Doc. 1232 at 33 ("the Court reiterates the U.S. Magistrate Judge's previous conclusion that the government's obligations with respect to *Brady* are not limited to the U.S. Attorney's Office . . .").

[4] As the Court is aware, the government maintained that revealing the identity of several witnesses posed security concerns to the witnesses. Cedric Wade was one of those witnesses. This argument no longer applies to witnesses called at the November 2019 trial. To the extent it applies to additional witnesses to be called at the capital trial, this Court recently ordered that the government "immediately request a status conference to raise the issue" of "witness security concerns." R. Doc. 1232 at 45.

WHEREFORE, for the foregoing reasons, the defendants respectfully request that this Court order the government to produce all *Brady* material, including impeachment material, immediately.

Respectfully submitted,

| | |
|---|---|
| */s/ Bruce G. Whitaker* | */s/ Jerrod E. Thompson-Hicks* |
| Bruce G. Whittaker, No. 08339 | Jerrod E. Thompson-Hicks, No. 32729 |
| 1215 Prytania Street, Suite 332 | Assistant Federal Public Defender |
| New Orleans, LA 70130 | |
| (504) 554-8674 | */s/ Ada A. Phleger* |
| bruce@whittakerlaw.com | Ada A. Phleger, No. 32922 |
| | Research & Writing Specialist |
| | 500 Poydras Street, Suite 318 |
| | New Orleans, LA 70130 |
| | (504) 589-7931 |
| | jerrod_thompson-hicks@fd.org |
| | ada_phleger@fd.org |

Counsel for Lilbear George

| | |
|---|---|
| */s/ Ralph S. Whalen, Jr.* | */s/ Ian Atkinson* |
| Ralph S. Whalen, Jr., No. 8319 | William P. Gibbens, No. 27225 |
| 2950 Energy Centre | Ian Lewis Atkinson |
| 1100 Poydras Street | SCHONEKAS, EVANS MCGOEY & |
| New Orleans, LA 70163-3170 | MCEACHIN, L.L.C. |
| Telephone: (504) 525-1600 | 909 Poydras Street, Suite 1600 |
| ralphswhalen@ralphswhalen.com | New Orleans, Louisiana 70112 |
| | Telephone: (504) 680-6050 |
| | Fax: (504) 680-6051 |
| | billy@semmlaw.com |
| | ian@semmlaw.com |

Counsel for Curtis Johnson, Jr.

| | |
|---|---|
| */s/ Frank G. Desalvo* | */s/ Michael P. Ciaccio* |
| Frank G. Desalvo, La. Bar No. 4898 | Michael P. Ciaccio, La. Bar. No. 21428 |
| FRANK G. DESALVO, APLC | 320 Huey P. Long Avenue |
| 739 Baronne Street | Gretna, Louisiana 70053 |
| New Orleans, LA 70113 | mpc@ciaccio-law.com |
| (504) 524-4191 | |
| frankd@fdesalvo.com | |

*/s/ Sarah L. Ottinger*
Sarah L. Ottinger, La. Bar No. 24589
Attorney at Law
2563 Bayou Road, Second Floor
New Orleans, Louisiana 70119
(504) 258-6537
sottinger1010@gmail.com

Counsel for Chukwudi Ofomata

<b>CERTIFICATE OF SERVICE</b>

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 13th day of November, 2020.

s/ Sarah L. Ottinger<br>Sarah L. Ottinger