**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                        **No. 17-201**

**LILBEAR GEORGE,**                                    **SECTION I**
**CURTIS JOHNSON, JR.,**
**& CHUKWUDI OFOMATA**

**ORDER AND REASONS**

Before the Court is a joint motion[1] filed by Lilbear George ("George"), Curtis

Johnson, Jr. ("Johnson"), and Chukwudi Ofomata ("Ofomata") (collectively,

"defendants") seeking "to suspend trial and for other relief due to the impact of the

deadly COVID-19 pandemic[.]"[2]  Specifically, defendants request that the Court: (1)

"strik[e] their respective Notices of Intent to Seek the Death Penalty, so that this case

will no longer be capital[;]" (2) suspend the current trial date, "not to be reset until 6

months after there is a vaccine or effective treatment;" (3) suspend the current

scheduling order and stay "court-ordered expert examinations"[3] and (4) grant "any

such other relief that is warranted, under the Fifth, Sixth and Eighth Amendments

to the United States Constitution."[4]  Each defendant also independently filed under

seal an *ex parte* supplement in support of the joint motion.[5]

---

[1] R. Doc. No. 1200.
[2] *Id.* at 1.
[3] *Id.* at 52–53.
[4] *Id.* at 1; *see also* R. Doc. No. 952 (Fifth Amended Scheduling Order).
[5] R. Doc. Nos. 1207 (George's sealed supplement); 1210 (Johnson's sealed supplement); 1213 (Ofomata's sealed supplement).

The government agrees that a continuance of any trial to "spring or summer of [2021] would be appropriate[,]"[6] but opposes a continuance without date, as "a reasonable delay would allow for the defendants and counsel to properly prepare for trial."[7]  The government opposes the other forms of relief defendants seek.[8]

In a reply to the government's opposition, defendants argue that setting a new date for trial is unnecessary and that "an unrealistic trial date will necessitate yet another round of continuance litigation, a process which requires extensive work by both sides and [the] Court."[9]  Defendants add that "the setting of a new mid-pandemic trial date—even if it is later vacated—will erode the effectiveness of counsel's preparation . . . . [as] preparation for a capital trial involves significant investment of time . . . . [which] will need to be re-done in the immediate lead-up to any re-scheduled trial date."[10]  Therefore, defendants conclude, "if a date must be set, a trial date after January 1, 2022 might serve to alleviate [defendants'] concerns[.]"[11]

For the following reasons, the motion is granted in part and denied in part.

## I.

### A. Suspend Trial

"[T]he decision whether to grant a continuance [is] within the sound discretion of the trial court."  *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014) (citing

---

[6] R. Doc. No. 1231, at 1.

[7] *Id.* at 2.

[8] *Id.* at 1 (opposing the defendants' request to strike the Notices of Intent); R. Doc. No. 1253, at 1 (opposing suspension of the Fifth Amended Scheduling Order).

[9] R. Doc. No. 1251, at 5.

[10] *Id.*

[11] *Id.*

*United States v. Shaw*, 920 F.2d 1225, 1230 (5th Cir. 1991)).  While the Circuit, faced with the task of balancing "defendant[s'] due process right to adequate representation by counsel of [their] choice and the general interest in the prompt and efficient administration of justice[,]" *United States v. Hughey*, 147 F.3d 423, 432 (5th Cir. 1998) (quoting *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)), has explicitly "disclaim[ed] any general rule that would routinely place a district court's generalized need to proceed promptly in a superior position to defense counsel's legitimate scheduling conflicts[,]" *id.* at 433, it has made clear that "only an arbitrary or unreasonable denial of a requested continuance will constitute a violation of the defendant's Fifth or Sixth Amendment rights." *Id.* at 431 (citing *Gandy*, 569 F.2d at 1322–23).  At least one court in the Fifth Circuit has denied an opposed motion by a defendant to continue a criminal case due to the COVID-19 pandemic after granting similar motions earlier in the pandemic.  *United States v. Auzenne*, No. 19-53, 2020 WL 6065556, at *1 (S.D. Miss. Oct. 14, 2020).  The Fifth Circuit has also stated that, while district courts have the authority to "grant . . . open-ended continuance[s in criminal proceedings] . . . such [continuances] for any substantial length of time [are] extraordinary and must be adequately justified by the circumstances of the particular case." *United States v. Jones*, 56 F.3d 581, 585–86 (5th Cir. 1995).

Defendants' trial is scheduled to begin on January 25, 2021.[12]  The Court agrees with both the defendants and the government that this date raises numerous

---

[12] R. Doc. No. 935 (continuing trial from September 14, 2020 to January 25, 2021 because of the pandemic).

concerns and would place an "undue burden" on defendants and their counsel.  The Court therefore finds that, in light of the COVID-19 pandemic, the ends of justice are served by a continuance of the above-captioned matter and that those interests outweigh the best interests of the defendants and the public in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  Granting a continuance will allow counsel for defendants reasonable time to adequately prepare for both phases of trial, taking into account the exercise of due diligence.  The period of delay resulting from the granting of this continuance shall be excluded under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

The Court does not conclude, however, that an indefinite suspension is necessary or appropriate.  While the Court shares the defendants' concerns regarding efficient use of public resources, the Court does not see how an indefinite continuance would address those concerns in a way that outweighs the public's interest in a speedy trial.  As discussed during the December 1, 2020 telephone status conference, trial will begin June 7, 2021.  Should COVID-19 or other circumstances render this date untenable, the Court will entertain an additional motion to continue trial.

The Court notes defendants' concerns regarding trial procedures (including the use of masks).  The Court is unable to predict what safety measures will be necessary months from now.  Consequently, it will address these issues (to the extent they are still relevant) closer to trial.

## B. Suspend the Current Scheduling Order and Expert Examinations

Defendants also request that the Fifth Amended Scheduling order, "including all filing deadlines, hearing dates, [and] court-ordered expert examinations" be suspended because of pandemic-related constraints that have rendered certain deadlines infeasible.[13] For example, according to defendants, "much of the necessary expert witness involvement . . . cannot begin until certain fact and mitigation investigation is completed in order to create the work product to provide to the experts."[14]

Specifically, defendants identify as problematic their September 11, 2020 deadline to notice intent to "offer penalty phase mental health evidence[;]" "intent to present an insanity defense[;]" and intent to "present expert testimony relating to a mental disease or defect or any other mental condition bearing on the issue of guilt" as countenanced by the Federal Rules of Criminal Procedure.[15]

The government opposes the suspension of the Fifth Amended Scheduling Order. In its opposition, the government summarizes upcoming deadlines before arguing that "defendants have not shown how they would be prejudiced should this Court deny their request to suspend the [S]cheduling Order."[16] The government further states that, based on the Court's previous actions, the government "has no

---

[13] R. Doc. No. 1200, at 1.
[14] *Id.* at 10–11.
[15] *Id.* at 11. The Court notes that defendant Curtis Johnson noticed Dr. Beth C. Arredondo on September 17, 2020. R. Doc. No. 1145.
[16] R. Doc. No. 1253, at 3.

reason to" doubt that the Court would consider "reasonable requests for extensions of time, if necessary" by any party.[17]

Under the Federal Rules of Criminal Procedure, which give district courts the ability to "set a deadline for the parties to make pretrial motions[,]" the Court "[at] any time before trial[] . . . may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(1–2). Moreover, the Court may consider an untimely "defense, objection, or request" for "good cause." Fed. R. Crim. P. 12(c)(3); *see also United States v. Smith*, 422 F.3d 715, 725 (8th Cir. 2005) ("The district court's ability to manage its own docket includes the ability to make decisions regarding the deadline for pretrial filings . . . and whether to grant a motion to continue that deadline." (citations omitted)). Similarly, the Court may modify deadlines for notice of alibi defenses and disclosure of government witnesses under Rule 12.1, *see* Fed. R. Crim. P. 12.1(a)(2), 12.1(b)(2), as well as notice of insanity defenses and notice of expert evidence of a mental condition. *See* Fed. R. Crim. P. 12.2(a), 12.2(b).

The Court is not inclined to retroactively extend previously expired deadlines, particularly absent a specific request and justification for doing so from the party seeking the extension.[18] Additionally, the Court notes that it granted numerous extensions of deadlines upon request. However, defendants have offered specific reasons for the Court to extend the Rule 12.2 notice deadlines they identify. As such, and in light of the continued trial date, those deadlines will be continued to new dates

---

[17] *Id.* at 3.

[18] *See* R. Doc. No. 952, at 2–5; R. Doc. No. 1253, at 3; *id.* at 1–2 (listing the "[i]mpending deadlines" contained in the Fifth Amended Scheduling Order).

to be proposed by the parties in a Proposed Sixth Amended Scheduling Order and subsequently approved by the Court.

With regards to the remaining deadlines, the Court notes that defendants have made no specific requests. And, as the government correctly observed, "[i]t is rare that the Court has denied such requests."[19] Furthermore, defendants' assertions that their "[m]itigation and fact investigations remain in suspended animation"[20] and "frozen"[21] are difficult to reconcile with the budgetary requests for those investigations that have been submitted to the Court and approved. Nonetheless, the Court is cognizant that a number of these deadlines were set with their proximity to the January trial date in mind. Consequently, the parties shall submit to the Court a Proposed Sixth Amended Scheduling Order. Other than the Rule 12.2 deadlines identified above, this scheduling order should not include deadlines that have already passed. The parties shall submit the proposed order no later than December 16, 2020.

### C. Strike Notices of Intent

Defendants offer no argument in support of their motion to strike the Notices of Intent to seek the death penalty.[22] The Court has summarily rejected this motion before; it does so again.[23]

---

[19] R. Doc. No. 1253, at 3.
[20] R. Doc. No. 1200, at 4.
[21] *Id.* at 5.
[22] *See id.* at 1.
[23] *See* R. Doc. No. 1232, at 42–43 (denying defendants' unsupported motion to strike the Notices of Intent).

## II.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** insofar as trial will be **CONTINUED** to **JUNE 7, 2021, at 8:30 A.M.**  The Court finds that, in light of the COVID-19 pandemic, the ends of justice are served by a continuance of the above-captioned matter and that those interests outweigh the best interests of the defendants and the public in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  Granting a continuance will allow counsel for defendants reasonable time to adequately prepare for both phases of trial, taking into account the exercise of due diligence.  The period of delay resulting from the granting of this continuance shall be excluded under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

The motion is **GRANTED** insofar as the parties shall submit a joint Proposed Sixth Amended Scheduling Order in accordance with the foregoing order no later than **DECEMBER 16, 2020**.

The motion is **DENIED** insofar as the request to strike the Notices of Intent is denied.

**IT IS FURTHER ORDERED** that any portion of defendants' motion that seeks for the Court to rule on trial procedures now (including defendants' argument with respect to the use of masks) is **DISMISSED WITHOUT PREJUDICE**,

reserving to defendants the right to re-urge the issue closer to trial if it is still a concern.

New Orleans, Louisiana, December 2, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**