UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **LILBEAR GEORGE** | **SECTION I** |

## ORDER & REASONS

Before the Court is petitioner Lilbear George's ("George") *pro se* motion[1] to vacate his sentence pursuant to 28 U.S.C. § 2255 and to set aside his plea agreement. The government opposes George's motion.[2] For the reasons set forth below, the Court denies George's motion.

## I. BACKGROUND

George was charged with four counts in a second superseding indictment.[3] The first count charged George with conspiring to rob an armored truck delivering money to a Chase Bank branch in New Orleans, Louisiana in violation of 18 U.S.C. § 1951(a).[4] The second count charged George with knowingly interfering with commerce by robbery, that is the taking of U.S. currency and property from the presence and custody of security guards at Chase Bank, in violation of 18 U.S.C. §§ 1951(a) and 2.[5] The third count charged George with knowingly using, carrying, brandishing, and discharging a firearm during a crime of violence in violation of 18

---

[1] R. Doc. No. 1815.
[2] R. Doc. No. 1821.
[3] R. Doc. No. 237.
[4] *Id.* at 1–2.
[5] *Id.* at 2.

1

U.S.C. §§ 924(c), 924(j)(1), and 2 and in the course thereof causing the death of Hector Trochez ("Trochez") through the use of firearms.[6] The fourth count charged George with tampering with a cellular telephone and the information it contained with the intent to impair the object's integrity or availability for use in an official proceeding, specifically a federal grand jury proceeding, in violation of 18 U.S.C. §§ 1512(c)(1) and 2.[7]

On May 25, 2021, George pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c), 924(j)(1), and 2.[8] The plea agreement contemplated dismissal of the remaining three counts and a sentencing range between 360 and 480 months.[9]

Prior to sentencing, George filed a sentencing memorandum.[10] In that memorandum, George requested that the Court impose a sentence of 360 months based on his history and characteristics, including his early childhood and his role in the offense.[11] In response, the government argued that it "believe[d] that a sentence of 480 months, which falls squarely within the Guidelines range[,] [wa]s

---

[6] *Id.* at 3.
[7] *Id.* at 4.
[8] R. Doc. No. 1388.
[9] R. Doc. No. 1390, at 2.
[10] R. Doc. No. 1472.
[11] *Id.* at 1.

appropriate."[12] The government also said that that while it "d[id] not dispute that George may or may not have fired the fatal shot that killed Trochez, Trochez was killed as a result of George's conduct."[13] George moved to strike the government's reply, arguing that the government knew that George did not fire the shot that killed Trochez and that the government was breaching the plea agreement by arguing that a sentence of 480 months was necessary.[14]

At sentencing, George moved to withdraw his plea, contending that the government had breached the plea agreement by arguing that a sentence of 480 months was appropriate.[15] The Court denied George's motion to withdraw his plea and George's motion to strike, explaining that nothing in the agreement precluded the government from requesting the top of the guideline range.[16] However, the Court also noted that it would not consider the government's recommendation in determining George's sentence.[17] The Court accepted the 11(c)(1)(C) agreement and imposed a sentence of 480 months.[18]

George appealed to the U.S. Fifth Circuit Court of Appeals.[19] On appeal, George argued that the government breached the plea agreement and that this Court

---

[12] R. Doc. No. 1750 (supplementally added to the record pursuant to a Fifth Circuit order and incorrectly cited in other filings as R. Doc. No. 1474).
[13] *Id.* at 17. George's memorandum and the government's response also raise arguments about credit for time served which are not relevant for purposes of deciding the motion presently before the Court.
[14] *See generally* R. Doc. No. 1478.
[15] R. Doc. No. 1597, 3:3–8, 7:1–6.
[16] *Id.* at 5:13–24.
[17] *Id.*
[18] *Id.* at 19:3–4, 24:4.
[19] R. Doc. No. 1502 (notice of appeal).

abused its discretion by denying his motion to withdraw his plea. *United States v. George*, No. 21-30607, 2023 WL 3094147, at *1 (5th Cir. Apr. 26, 2023). The Fifth Circuit affirmed this Court's rulings, finding that George had not demonstrated that the government breached the plea agreement and that this Court did not abuse its discretion in denying George's motion to withdraw his plea because "no breach occurred" and George "failed to meet his burden of showing withdrawal was otherwise permitted based on the seven [*United States v. Carr*, 740 F.2d 339 (5th Cir. 1984)] factors." *George*, 2023 WL 3094147, at *1–2.

On May 2, 2024, the Court received George's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[20] George's argument is as follows:

> Counsel failed to properly appraise [sic] himself of established law governing plea agreement; breach of terms contained in plea by [g]overnment and properly arguing the conditions of breach of plea and the law government defendant[']s right to withdraw plea based upon government breach and misrepresentations. Plea counsel represented 360 months was agreed to by [g]overnment if defendant did not go to trial. After refusing to testify against codefendant as [g]overnment attempted to compel[ ] defendant to do; [g]overnment altered their position of 360 months as being sufficient sentence, now argue top of [g]uideline [r]ange[,] 480 months, is sufficient for sentence.[21]

In response, the government argues that the Fifth Circuit has already held that George did not meet his burden of demonstrating that the government violated the plea agreement and that this question therefore cannot be relitigated in a § 2255 motion.[22] The government also argues that George has not demonstrated any

---

[20] R. Doc. No. 1815.
[21] *Id.* at 4 (emphasis omitted).
[22] R. Doc. No. 1821, at 2.

4

prejudice that he has suffered as a result of his counsel's alleged deficient performance.[23] The government also highlights that, during the rearraignment hearing, George repeatedly denied being promised a specific sentence.[24]

## II.   STANDARD OF LAW

Section 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). However, courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a defendant to prove both that counsel's performance was deficient and that the defendant was prejudiced. *Strickland*, 466 U.S. at 687. "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose

---

[23] *Id.* at 13.
[24] *Id.* at 14.

of the claim without addressing the other prong." *United States v. Henry*, No. 08-19, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010) (Vance, J.).

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland*'s deficiency prong is met when counsel fails to research facts and law and raise meritorious arguments based on controlling precedent." *United States v. Djuga*, No. CR 14-140, 2020 WL 1663126, at *3 (E.D. La. Apr. 3, 2020) (Africk, J.) (quoting *United States v. Cunningham*, No. 12-3147, 2013 WL 3899335, at *7 (S.D. Tex. July 27, 2013)).

"In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel." *United States v. Vallery*, No. CRIM. A. 06-269, 2009 WL 2488131, at *3 (E.D. La. Aug. 11, 2009) (Africk, J.) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). "With respect to the prejudice prong of *Strickland*, defendant must show 'that there is a reasonable probability that, but for counsel's errors, he would

6

not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.2000)). In conducting the *Hill* analysis, courts should consider factors such as: (1) "the defendant's evidence to support his assertion that he would have gone to trial had he known the relevant circumstances," (2) "his likelihood of success at trial," (3) "the risks he would have faced at trial," (4) "his representations about his desire to retract his plea," and (5) "the district court's admonishments." *United States v. Shepherd*, 880 F.3d 734, 744 (5th Cir. 2018) (internal quotations omitted) (quoting *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014)).

### III. ANALYSIS

As mentioned, the government argues that George cannot relitigate the issue of whether the government breached the plea agreement because this argument has been disposed of by the Fifth Circuit.[25] While the Court agrees that this issue cannot be relitigated, it is not clear to the Court whether George's motion in fact attempts to relitigate the government's alleged breach because he cites the alleged breach as grounds for his ineffective assistance claim.[26] Notwithstanding, to the extent that George's motion argues that the government breached the plea agreement, which was previously addressed by the Fifth Circuit, such arguments are procedurally barred. *See United States v. Allen*, No. CR 12-138, 2018 WL 5251906, at *2 (E.D. La. Oct. 22, 2018) (Vance, J.) (citing *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir.

---

[25] R. Doc. No. 1821, at 2.
[26] R. Doc. No. 1815, at 4.

7

2013)) ("A litigant cannot re-assert issues in a Section 2255 motion that he has already raised on direct appeal.").

However, to the extent that George argues that he received ineffective assistance of counsel because his attorney did not apprise himself of the law governing plea agreements, the terms of the plea agreement, and the law governing plea withdrawal, such arguments are not procedurally barred.[27] The Court takes note of the fact that George does not explain these arguments in detail or inform the Court how these alleged deficiencies prejudiced him.

Reading George's motion, it is not clear if George is arguing that his attorney should have better advised him of the terms of the agreement before George agreed to them or that his attorney should have more effectively argued at sentencing that the government breached the agreement and that he should have been allowed to withdraw his plea. Because courts are to liberally construe briefs of *pro se* litigants, the Court addresses both arguments and finds them both to be without merit.

At George's rearraignment, the Court explained that pursuant to the 11(c)(1)(C) plea agreement, the parties had agreed to a sentence between 360 and 480 months.[28] George told the Court that no one, including his attorney, had told him what sentence he will receive other than what the Court said with respect to his 11(c)(1)(C) plea agreement.[29] George also acknowledged that he understood that all discussions with his attorney about sentencing guidelines were rough estimates and

---

[27] *Id.*
[28] R. Doc. No. 1524 (transcript of rearraignment), at 19:2–7.
[29] *Id.* 27:3–7.

8

that the Court would not be bound by those discussions.[30] George stated that he had not been influenced, induced, or persuaded to plead guilty because of promises of leniency or threats.[31] Additionally, George confirmed that no one connected with the government had made predictions or promises to him as to what his sentence will be, beyond what is set forth in the plea agreement.[32] George also stated that he was satisfied with the advice and services of his attorney.[33] His attorney advised the Court that he had not made representations to George as to what his sentence would be and George told the Court that he understood his attorney's statement.[34] Courts "give the statements during the [rearraignment] greater weight than [they] give unsupported, after-the-fact, self-serving revisions." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

Additionally, George has not demonstrated that any of the *Hill* factors support a finding a of prejudice. *See Wright*, 624 F.2d at 558 (explaining that, in a § 2255 motion, the petitioner bears the burden of proving his contentions by a preponderance of the evidence). Accordingly, the Court finds that George fully understood the terms of the plea agreement and he cannot demonstrate that, without his attorney's alleged

---

[30] *Id.* 27:9–13.
[31] *Id.* at 26:17–21.
[32] *Id.* 45:11–16.
[33] *Id.* 27:19–21.
[34] *Id.* 46:21–25, 47:9–12. To the extent that George suggests that his attorney represented to him that he would receive a 360-month sentence if he did not go to trial,[34] as evidenced by George's statements at his rearraignment, it is clear that George was aware that his attorney could only provide him with estimates of his sentence and that his attorney could not guarantee a sentence of 360 months.

9

deficient performance, he would not have pleaded guilty and would have insisted on going to trial.

With respect to George's suggestion that his attorney should have more effectively argued that he should be allowed to withdraw his plea, the Court finds that George has not demonstrated any *Strickland* prejudice. Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes a sentence, by showing a 'fair and just reason' for seeking withdrawal." *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020) (quoting Fed. R. Crim. P. 11(d)(2)(B)).

In the instant motion, the only argument that George contends existed for withdrawing his plea was that the government violated the terms of the plea agreement. As discussed, the Fifth Circuit already found George's argument that the government breached the plea agreement to be without merit. George was fully informed about the terms of the plea agreement and the sentence that the Court could impose when he made the decision to enter a plea of guilty pursuant to the plea agreement. Additionally, as mentioned previously, George has not presented any arguments with respect to the *Hill* factors that support a finding of prejudice. Accordingly, George cannot demonstrate prejudice based on his non-specific arguments regarding his attorney's failure to effectively argue on his behalf.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that George's § 2255 motion is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 31, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**